**Sherman Louis HOUSTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1019–92.**

Court of Criminal Appeals of Texas,
En Banc.

Feb. 10, 1993.

Phil Robertson, Clifton (Court-appointed), for appellant.

Andy J. McMullen, Dist. Atty., Hamilton, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted by a jury of aggravated sexual assault. The jury assessed punishment at fifty years confinement in the Texas Department of Criminal Justice. On direct appeal, the court of appeals affirmed his conviction. *Houston v. State*, 832 S.W.2d 180 (Tex.App.—Waco 1992).

Before the court of appeals appellant complained that the trial court improperly admitted evidence that he had taken nude pictures of the victim in the instant case and his daughter shortly before he committed the instant offense. *Id.* at 181. The court of appeals held the questioned evidence was properly admissible as "same transaction contextual evidence" under *Mayes v. State*, 816 S.W.2d 79 (Tex.Cr.App. 1991). The court of appeals further held that the trial court did not abuse its discretion in determining that the evidence was not excluded under Rule of Criminal Evidence 403. We granted appellant's petition for discretionary review to determine whether the court of appeals erred in failing to properly review the trial court's decision under Texas Rule of Criminal Evidence 403.

After careful review of the petition for discretionary review and the opinion of the court of appeals, we have determined that appellant's petition for discretionary review was improvidently granted. Appellant's petition for discretionary review is dismissed.

CLINTON, Judge, dissenting.

The Court is amply empowered to change its mind about reviewing a decision of a court of appeals.[1] But in exercising that power it seems clear enough that lately we too frequently impose grievously upon the parties, as well as embarrass the Court.

After all, presumably at least four judges determined the petition for discretionary review presented one or more prescribed reasons of the character measuring exercise of the discretion of the Court. Tex.R.App.Pro. Rule 200(c).[2] So, pursuant to rules of the Court, both parties prepared and filed briefs and, *at our explicit invitation*, caused their respective attorneys to travel some distance to appear here, often at no little expense, to present oral argument primarily on issues of law. That less than a month after submission a majority causes the Court to say that "review [just four months ago] was improvidently granted" suggests rather strongly there is something functionally amiss in our initial internal proceedings and related deliberations under Rule 202(k), or perhaps more consideration is given to the result below than to application of the law.

In either event, I respectfully dissent to the dismissal.

MILLER, BAIRD and OVERSTREET, JJ., join.

---

**1.** Article V, § 5, 2d para.; Article 4.04, § 2, V.A.C.C.P.; Tex.R.App.Pro. Rule 202(k), 2d para. (*repealing and replacing*, respectively, former article 44.45(b)(7), V.A.C.C.P., and former Post Trial and Appellate Procedure Rule 304(k), 2d para.).

All emphasis is mine throughout this opinion unless otherwise indicated.

**2.** Tex.R.App.Pro. Rule 200(c)(5), for example, informs the petitioning party that the Court will consider the fact that "justices of the court of appeals have disagreed upon a material question of law necessary to its decision." The instant cause comes to us in that posture. See *Houston v. State*, 832 S.W.2d 180 (Tex.App— Waco 1992).