Juan Manuel RAMIREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–94–00102–CR.

Court of Appeals of Texas, El Paso.

Dec. 22, 1994.

Discretionary Review Granted June 14, 1995.

David C. Guaderrama, El Paso County Public Defender, El Paso, for appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for State.

Before KOEHLER, LARSEN and McCOLLUM, JJ.

## OPINION

LARSEN, Justice.

■ This is an interlocutory appeal from the trial court's denial of Appellant's writ of habeas corpus alleging double jeopardy bars his prosecution in this case. We affirm.

On December 8, 1993, the Appellant was convicted of involuntary manslaughter, enhanced by the allegation of a prior felony conviction. The court assessed punishment at 20 years imprisonment. The prosecution arose from an automobile accident on March 10, 1993 where the Appellant caused the death of a woman and her two-year old grandchild by crashing into the rear of their vehicle while intoxicated. The child was alleged as the victim in that prosecution. In this second prosecution arising from the same accident, the State alleges the grandmother as the victim and the Appellant has filed his pretrial writ of habeas corpus to prevent the State from proceeding to trial. The trial court denied the writ and Appellant appeals.

■ In two points of error, the Appellant asserts the court erred in denying him habeas corpus relief barring a second trial arising from the same fatal collision, because the second charge constitutes the "same offense," thereby violating the double jeopardy clauses of the federal and state constitutions. The Fifth Amendment of the United States Constitution and Article I, § 14 of the Texas Constitution both provide three separate guarantees: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction;

and (3) protection against multiple punishments for the same offense. *Phillips v. State,* 787 S.W.2d 391, 393 (Tex.Crim.App. 1990).[1] In 1993, overruling *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), the United States Supreme Court readopted for successive prosecutions the "same-elements" test set out in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).[2] *United States v. Dixon,* 509 U.S. at ——, ——, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556, 568 (1993); *Rice v. State,* 861 S.W.2d 925, 925 (Tex.Crim.App. 1993); *State v. Holguin,* 861 S.W.2d 919, 920 (Tex.Crim.App.1993). The *Blockburger* test requires inquiry into whether the second offense contains an element not contained in the first; if it does not, double jeopardy bars a successive prosecution. *Rice,* 861 S.W.2d at 925; *Holguin,* 861 S.W.2d at 920; *Beauchamp v. State,* 870 S.W.2d 649, 650 (Tex. App.—El Paso 1994, pet. ref'd). Conversely, if an element of the second offense is not required to prove the first, there is no double jeopardy. The Texas Court of Criminal Appeals adopted the *Blockburger* test in *Phillips,* 787 S.W.2d at 393.

In *Ex parte Rathmell,* 717 S.W.2d 33, 35 (Tex.Crim.App.1986), the Court of Criminal Appeals held that in prosecutions for involuntary manslaughter involving multiple deaths, such as the one at bar, each individual death constitutes a complete and distinct offense (albeit *Rathmell* involved prosecutions under only one statute, and therefore did not directly apply the *Blockburger* test, which involved prosecutions under different statutes). Accordingly, each death constitutes a separate "allowable unit of prosecution." *Id.* This is so even where the second death was contemporaneous with the death for which the accused was first tried. *Id.* The Double Jeopardy Clause, therefore, does not bar multiple convictions in situations where sepa-

1. Conceptually, the state and federal constitutional provisions are identical. *Phillips,* 787 S.W.2d at 393 n. 2.

2. *Grady* required a secondary analysis after the application of the *Blockburger* test. The courts were required to determine whether the State, to establish an essential element of any offense charged in the subsequent prosecution, would prove conduct that constituted an offense for which the accused was already prosecuted. *Grady,* 495 U.S. at 520–22, 110 S.Ct. at 2092–93, 109 L.Ed.2d at 563–65.

rate and distinct offenses occur during the same transaction. *Id.*

The Appellant urges that we disregard the *Rathmell* case, instead scrutinizing the conduct of the accused rather than focussing upon the result of that conduct. Cases after *Rathmell*, however, do not lend themselves to a "conduct analysis" rather than a "result analysis," as they speak of double jeopardy concerns in terms of the "same offense" rather than in terms of the "same transaction." *Spradling v. State*, 773 S.W.2d 553, 556 (Tex. Crim.App.1989).

In *Phillips*, 787 S.W.2d at 393, for example, an intoxicated driver crossed the road's median and seriously injured the occupants of another vehicle. In rejecting the contention that only one offense occurred, the Court of Criminal Appeals held that the Double Jeopardy Clause does not bar separate prosecutions for each victim injured or killed in an automobile accident.[3] In *Spradling*, 773 S.W.2d at 556, a case where defendant was charged with separate offenses for failure to stop and render aid to two pedestrians killed in a hit and run accident, the Court of Criminal Appeals stated:

> '... The constitutional provisions speak of double jeopardy in terms of the "same offense" rather than "same transaction."'

This Court has recognized that the protection against double jeopardy is inapplicable where separate and distinct offenses occur during the same transaction. *Spradling*, 773 S.W.2d at 555–56. [Cites omitted].

Citing *Heitman v. State*, 815 S.W.2d 681 (Tex.Crim.App.1991), Appellant provides authority which he asserts indicates that the courts should focus on the "same conduct" in assessing double jeopardy claims under the state constitutional provision. Appellant relies upon *Cook v. State*, 840 S.W.2d 384, 387 (Tex.Crim.App.1992), in which the Court of Criminal Appeals held that there was only one aggravated robbery where one theft occurred regardless of the number of victims assaulted; to charge a second offense utiliz-

ing an individual not the victim of theft violated the Double Jeopardy Clause. *Id.* at 387. The Court recognized the validity of the holdings in *Phillips* and *Spradling*, but distinguished those cases as involving offenses against the person, rather than offenses against property. The Court theorized that the legislature could have well intended to protect each victim of an assault, while not so intending with property offenses such as robbery. *Cook*, 840 S.W.2d at 386; See also *Lozano v. State*, 860 S.W.2d 152, 155 (Tex.App.—Austin 1993, pet. ref'd) (distinguishing between offenses against persons and offenses against property in double jeopardy analysis). Accordingly, we decline to adopt authority analyzing property crimes in this double jeopardy situation involving offenses against persons. In light of *Ex parte Rathmell* and its progeny, we hold that Appellant's second prosecution for involuntary manslaughter, alleging a different victim, is not barred by the double jeopardy clause. Points of Error One and Two are overruled.

We affirm the trial court's judgment.

---

**3.** The Court acknowledged that the *Blockburger* test was not strictly applicable because the case before the Court involved one statute. However, the Court reasoned that the *Blockburger* rational was, "instructive to those situations where multiple victims are injured in violation of a single statute." *Phillips*, 787 S.W.2d at 394.