### Ex parte Juan Manuel RAMIREZ, Applicant.

### No. 0163–95.

Court of Criminal Appeals of Texas, En Banc.

April 10, 1996.

Bruce W. Weathers, El Paso, for appellant.

Karen Landinger, Assist. Dist. Atty., El Paso, Robert A. Huttash, State's Atty., Austin, for the State.

---

*OPINION ON APPLICANT'S PETITION FOR DISCRETIONARY REVIEW*

McCORMICK, Presiding Judge.

This prosecution arose from an automobile accident in which applicant caused the deaths of two victims. Applicant was convicted of involuntary manslaughter for causing the death of one of the victims. The State is now seeking to prosecute applicant for the death of the other victim. See *Ex parte Rathmell*, 717 S.W.2d 33 (Tex.Cr.App.1986). Applicant filed a pretrial writ of habeas corpus in which he claimed the second prosecution violated the double jeopardy clauses of the Federal and State Constitutions. The trial court denied relief. Applicant appealed to the El Paso Court of Appeals which also denied relief. *Ramirez v. State*, 895 S.W.2d 405 (Tex.App.—El Paso 1994). We granted applicant's petition for discretionary review to address the Court of Appeals' determination that the current prosecution does not violate the double jeopardy clause of Article I, Section 14, of the Texas Constitution.

We now find that our decision to grant applicant's petition for discretionary review was improvident. Tex.R.App.Pro. 200(k). Applicant's petition for discretionary review is dismissed.

BAIRD, Judge, dissenting.

On direct appeal, the Court of Appeals held applicant's second prosecution for the offense of involuntary manslaughter which arose out of the same criminal transaction was not jeopardy barred by art. I, § 14 of the Texas Constitution. *Ramirez v. State*, 895 S.W.2d 405 (Tex.App.—El Paso 1994). We granted applicant's petition for discretionary review to determine the correctness of that holding. Following our grant of review, the parties briefed the issue, and traveled to Austin from El Paso and presented oral argument before this Court. Today, the majority dismisses applicant's petition, stating that our initial decision to grant review was improvident. This treatment is identical to that in *Houston v. State*, 846 S.W.2d 848 (Tex.Cr.App.1993).

My disagreement in this case is not with the merits of applicant's claim nor with the Court of Appeals' holding. Indeed, when we dismiss a petition we expressly do not reach the merits of the grounds raised therein. Rather my disagreement lies with the majority's failure to discharge its duty to address and resolve the issue presented, briefed and argued before this Court. Double jeopardy is a very complex and confusing area of the law, and whether our Constitution provides greater protection than that of its federal counterpart is a continuing question. These questions require our attention. The dismissal of applicant's petition at this time, after all of this effort

> suggests rather strongly there is something functionally amiss in our initial internal proceedings and related deliberations ... or perhaps more consideration is given to the result below than to the application of the law.

*Houston v. State*, 846 S.W.2d 848, 849 (Tex. Cr.App.1993) (Clinton, Miller, Baird and Overstreet, JJ., dissenting).

I dissent to this Court's dismissal of this petition.

CLINTON, OVERSTREET and MEYERS, JJ., join this opinion.