**Alicia Ann LOCKRIDGE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 12–95–00124–CR, 12–95–00125–CR.**

Court of Appeals of Texas,
Tyler.

Dec. 30, 1996.

Discretionary Review Refused
June 18, 1997.

Donald Killingsworth, Tyler, for appellant.

Edward Marty, Tyler, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

This is an appeal from the trial court's assessment of punishment following Appellant's guilty plea. Appellant pleaded guilty in three separate causes to felony counts of involuntary manslaughter. The trial court assessed punishment at 10 years' confinement in each cause. The court also ordered that Appellant serve her sentences consecutively, rather than concurrently. Appellant contends on appeal that the court's order of consecutive sentences violates her right to be free from double jeopardy. Also, with regard to Cause No. 12–95–00125–CR, Appellant contends that there was insufficient evidence offered by the State to support her conviction. We will **affirm.**

On November 27, 1993, Alicia Lockridge ("Appellant") was driving while intoxicated. Appellant was speeding and failed to stop at a red light. Appellant's vehicle struck another vehicle in which Dewallas Jones, April English, and Ira English were passengers. Jones and the two English children were killed in the accident. Appellant was charged with involuntary manslaughter of each individual in three separate indictments.

■ In her first and second points of error in both causes, Appellant contends that the trial court's order of consecutive sentences

violates her right to be free from double jeopardy under both the federal and state constitutions. Specifically, Appellant states that she is being tried three times for the same offense, involuntary manslaughter. We disagree.

In regard to double jeopardy, the Fifth Amendment [1] to the United States Constitution and Article I, section 14 of the Texas Constitution provide three separate guarantees: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense. *Phillips v. State*, 787 S.W.2d 391, 393 (Tex.Cr.App.1990); *Ramirez v. State*, 895 S.W.2d 405, 406 (Tex. App.—El Paso 1994, pet. dism'd). However, neither the federal nor state double jeopardy clause bars multiple convictions in situations where separate and distinct offenses occur during the same transaction. *Ex parte Rathmell*, 717 S.W.2d 33, 35 (Tex.Cr.App. 1986). "In prosecutions for involuntary manslaughter involving multiple deaths ... each individual death constitutes a complete and distinct offense." *Ramirez*, 895 S.W.2d at 406 (citing *Ex parte Rathmell*, 717 S.W.2d at 35). Each death is a separate unit of prosecution, even where the deaths were simultaneous. *Id.* A trial court may properly order that punishment terms run consecutively where separate offenses occur during the same transaction. *Phillips*, 787 S.W.2d at 394.

The trial court did not err in ordering that Appellant serve her three sentences consecutively. In one transaction, Appellant violated the involuntary manslaughter statute three times. Because Appellant committed three crimes, the double jeopardy clause does not bar imposition of sentences to be served consecutively. Appellant's first and second points of error are overruled.

In her third point of error,[2] Appellant contends that the evidence was insufficient to sustain a finding of guilt. Specifically, Appellant states that although she pleaded guilty, there is no evidence in the record to support a finding of guilt. We disagree.

When a defendant pleads guilty to an offense, the State must introduce sufficient evidence to prove the elements of the offense. TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon 1977 & Supp.1996); *Cooper v. State*, 537 S.W.2d 940, 943 (Tex.Cr.App.1976). In a felony case, if the State fails to introduce evidence in support of the guilty plea, the accused is entitled to an acquittal. *Tullos v. State*, 698 S.W.2d 488, 490 (Tex.App.—Corpus Christi 1985, pet. ref'd).

Although we agree with Appellant's statement of the law, we do not agree with her conclusion. The original transcript filed with this court did not include the evidence in support of Appellant's guilty plea. However, the State moved to supplement the transcript. The Supplemental Transcript contained the Stipulation of Evidence signed by Appellant. The Stipulation contained sufficient evidence to convict Appellant of the offense of the involuntary manslaughter of April English. We therefore overrule Appellant's third point of error.

The judgment of the trial court is **affirmed.**

---

1. "[T]he double jeopardy prohibition of the Fifth Amendment represents a fundamental ideal in our constitutional heritage," and is applied to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969).

2. Appellant's third point of error refers to Cause No. 12–95–00125–CR only, and not to Cause No. 12–95–00124–CR.