Anthony Eliff v. The State of Texas

















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-116-CR

     ANTHONY ELIFF,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 
 
From the 278th District Court
Madison County, Texas
Trial Court # 9693
                                                                                                                  
 
O P I N I O N
                                                                                                                             A jury convicted appellant Anthony Eliff of the offense of attempted murder. See Tex.
Pen. Code. Ann. §§ 15.01, 19.02 (Vernon 1994). A prior felony conviction for robbery enhanced
Eliff’s punishment. The jury assessed punishment at twenty years’ confinement.
      Eliff alleges in his first point of error that he did not receive effective assistance of counsel. 
In his second, third, fourth, and fifth points of error, Eliff asserts that the court erred because it 
admitted testimony of extraneous misconduct. The sixth point of error urges that the court erred
in not submitting the issue of self-defense in the jury charge. Eliff’s seventh point of error alleges
that the court erred in overruling his motion for new trial based on newly discovered evidence. In
his eighth point of error, Eliff alleges that the court erred in admitting evidence without performing
the “balancing test” required by Rule 403. See Tex. R. Crim. Evid. 403.  
BACKGROUND
      On May 1, 1995, Eliff, an inmate at the Ferguson Unit of the Institutional Division of the Texas
Department of Criminal Justice in Madison County, stabbed Joe Ayala, another inmate. The two
inmates had cells near each other in the Administrative Segregation area of the prison. The
testimony of Ayala revealed that the two men had some misunderstandings. Ayala testified that he
wanted to get inside Eliff’s cell so they could settle their differences “man-to-man” and “fist-fight.” 
      Ayala further testified that he lied to a guard about his cell number so that he could be put into
the same cell with Eliff. It was dark inside the cell, and the guard did not see that Eliff was already
in the cell. Ayala walked into the cell, and as the door closed, Eliff lunged toward him and stabbed
him repeatedly with a shank. The guard had not yet removed Ayala’s handcuffs. 
      The door was ordered open, and the guards separated the two men. Ayala was taken to the
nurse, who testified that he suffered 20-24 puncture wounds. Ayala was transferred to a prison
hospital and later recovered from his injuries. As a result of the incident, Eliff was indicted for
attempted murder. 
INEFFECTIVE ASSISTANCE
      In his first point of error, Eliff asserts that he received ineffective assistance of counsel. Eliff
points to alleged errors during voir dire such as the failure to discuss the law on issues critical to
the defense of the case and the use of peremptory challenges. Eliff also alleges that counsel was
ineffective because she failed to object to the admission of testimony at trial and failed to develop
the theory of self-defense.
      In assessing the effectiveness of counsel during the guilt-innocence phase of trial, we apply the
test set forth by the Supreme Court in Strickland v. Washington. 466 U.S. 668, 687, 104 S. Ct.
2052, 2064, 80 L. Ed. 2d 674 (1984); Ex Parte Jarrett, 891 S.W.2d 935, 938 (Tex. Crim. App.
1994). Strickland requires us to determine whether: (1) counsel’s performance was deficient; and
if so, (2) whether there is a reasonable probability the results would have been different but for
counsel’s deficient performance. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. The defendant
must overcome the presumption that the challenged action might be sound trial strategy. Id. at 689, 
2066.
      We strongly presume that counsel’s conduct lies within the “wide range of reasonable
representation.” McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), cert. denied,
__ U.S. __, 117 S. Ct. 966, 136 L. Ed. 851 (1997). The accused must overcome this presumption
by affirmatively showing that his representation fails the two-part test set forth in Strickland.
Generally, we examine the totality of the representation to determine the effectiveness of counsel. 
Ex Parte Raborn, 658 S.W.2d 602, 605 (Tex. Crim. App. 1983). 
      Reviewing the entire record, Eliff has failed to show that counsel’s performance during voir dire
and trial was not sound trial strategy. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2066. Thus,
Eliff has failed to overcome the presumption that counsel’s performance was within the “wide range
of reasonable representation.” McFarland, 928 S.W.2d at 500. Therefore, we do not find counsel’s
performance deficient. Strickland, 466 U.S. 687, 104 S. Ct. at 2064. We overrule Eliff’s first
point of error. 
EXTRANEOUS MISCONDUCT
      Eliff’s second and third points of error allege that evidence of extraneous misconduct was
admitted into evidence during the state’s case-in-chief. After a hearing outside the presence of the
jury, the court allowed the following testimony on direct examination of Ayala:
[PROSECUTOR]: Okay. Well, the problem that started you and him having these
problems was about what or over what?
 
[AYALA]: Over him masturbating on my picture, my families [sic] picture.
 
. . .
 
[AYALA]: He masturbated on my nine-year-old sister. She had her clothes on and
everything. I shot my family picture up there. 
 
. . .
 
[PROSECUTOR]: So why did you shoot it up there?
 
[AYALA]: Because we were friends.
 
. . .
 
[PROSECUTOR]: And is this thing done by some of the convicts, if you are friends, you
show pictures of your family or what?
 
[AYALA]: It ain’t done. If it’s done, it’s just called a disrespectful--
 
[PROSECUTOR]: It’s showing disrespect? 
 
[AYALA]: It ain’t done. People don’t just masturbate on your family’s picture.
 
. . .
 
[AYALA]: I send him my pictures, he sends them back.
 
. . .
 
[AYALA]: . . .He said I’ve got a good family and two days later, we had the
misunderstanding and that’s what he told me, that he had masturbated on my picture.
 
[PROSECUTOR]: Picture of who?
 
[AYALA]: My nine-year-old sister and my mother and my brother.
 
Eliff asserts that this testimony amounts to evidence of extraneous misconduct.  
      At trial, Eliff’s counsel objected on the basis of relevancy, Rule 404(b), and argued that the
probative value of the evidence was substantially outweighed by the danger of unfair prejudice. 
Tex. R. Crim. Evid 401, 403, 404(b). The judge overruled the objections and allowed the evidence
in under article 38.36(a) of the Code of Criminal Procedure.
      Article 38.36(a) states:
In all prosecutions for murder, the state or the defendant shall be permitted to offer
testimony as to all relevant facts and circumstances surrounding the killing and the previous
relationship existing between the accused and the deceased, together with all relevant facts
and circumstances going to show the condition of the mind of the accused at the time of the
offense.
 
Tex. Code Crim. Proc. Ann. art. 38.36(a) (Vernon Supp. 1998).


 However, article 38.36(a) “in
no way broadens or otherwise affects the rules of evidence which apply, or the way in which they
apply in any given homicide case.” Fielder v. State, 756 S.W.2d 309, 318 (Tex. Crim. App. 1988)
(citing Werner v. State, 711 S.W.2d 639, 646 (Tex. Crim. App. 1986)) (emphasis in original); 
Hernandez v. State, 914 S.W.2d 226, 232 (Tex. App.—Waco 1996, no pet.). 
      The Rules of Criminal Evidence require that evidence be relevant. See Tex. R. Crim. Evid 401. 
Relevant evidence is defined as “evidence having any tendency to make the existence of any fact that
is of consequence to the determination of the action more probable or less probable than it would
be without the evidence.” Id. Although relevant, evidence of “other crimes, wrongs, or acts is not
admissible to prove the character of a person in order to show that he acted in conformity
therewith.”


 Id. 404(b); Montgomery v. State, 810 S.W.2d 372, 386 (Tex. Crim. App. 1991) (on
rehearing).
      However, this evidence may be admissible for other purposes, “such as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.” 
Tex. R. Crim. Evid. 404(b); See Montgomery, 810 S.W.2d at 387. “Extraneous offense evidence
that logically serves any of these purposes is ‘relevant’ beyond its tendency ‘to prove the character
of a person to show that he acted in conformity therewith.’” Montgomery, 810 S.W.2d at 387
(emphasis in original). However, the probative value of relevant evidence must not be substantially
outweighed by the danger of unfair prejudice. See Tex. R. Crim. Evid. 403; Montgomery, 810
S.W.2d at 387.
      “Accordingly, before a court can properly admit evidence of an extraneous offense under 
[article 38.36(a)], it must first find the evidence relevant to a material issue other than the
defendant’s character.” Hernandez, 914 S.W.2d at 232. The material issues in a murder case are
determined by the prosecution and the defense theories. Id. 
      The extraneous misconduct testimony in this case fits best under the issue and purpose of
showing motive. Motive is not an essential element of the crime of murder but “is relevant as a
circumstance tending to prove the commission of the offense.” Bush v. State, 628 S.W.2d 441, 444
Tex. Crim. App. 1982) (emphasis in original). Therefore, we find that motive is a material issue
and a purpose for which character evidence may be admissible. See Tex. R. Crim. Evid. 404(b). 
      We must now examine whether Eliff’s act of masturbating on Ayala’s family photos is relevant
to motive. We review a court’s determination on relevancy under an abuse of discretion standard. 
Montgomery, 810 S.W.2d at 390. We will not intercede as long as the court’s ruling is within “the
zone of reasonable disagreement.” Id. at 391. 
      “Evidence of prior extraneous offenses committed against the victim of the offense charged, and
indicating the existence of ill will or hostility toward the victim, is admissible as part of the State’s
case in chief as circumstantial evidence of the existence of a motive for committing the offense
charged.” Foy v. State, 593 S.W.2d 707, 709 (Tex. Crim. App. [Panel Op.] 1980); Bisby v. State,
907 S.W.2d 949, 958 (Tex. App.—Fort Worth 1995, pet. ref’d); See Page v. State, 819 S.W.2d
883, 887 (Tex. App.—Houston [14th Dist.] 1991, pet. ref’d). Eliff’s action of masturbating on the
picture shows the existence of hostility and ill will toward Ayala. Thus, we find that this evidence
has some relevance to Eliff’s motive for committing the offense, and the court did not err in finding
the evidence relevant.
      Relevant evidence is admissible unless the probative value is substantially outweighed by the
danger of unfair prejudice. Tex. R. Crim. Evid. 403; Montgomery, 810 S.W.2d at 389. We must
uphold the court’s determination absent a clear abuse of discretion. Montgomery, 810 S.W.2d at
392. We measure the court’s ruling against the following relevant criteria: 
(1) whether the ultimate issue was seriously contested by the opponent; 
 
(2) whether the State had other convincing evidence to establish the ultimate issue to which
the extraneous misconduct was relevant; 
 
(3) whether the probative value of the misconduct evidence was, either alone or in
combination with other evidence, particularly compelling; and 
 
(4) whether the misconduct was of such a nature that a jury instruction to disregard it for
any but its proffered purpose would likely have been efficacious. 
 
Id. at 392-93. “Accordingly, when the record reveals one or more such relevant criteria reasonably
conducing to a risk that the probative value of the tendered evidence is substantially outweighed by
unfair prejudice, then an appellate court should conclude that the trial court acted irrationally in
failing to exclude it, and thus abused its discretion.” Id. at 393. 
      Using the relevant criteria, we find that Eliff did not seriously contest motive or any other
ultimate issue. Eliff did not testify in the trial. Ayala’s testimony provided some evidence of motive
even without the extraneous misconduct testimony. Ayala testified that he and Eliff had 
misunderstandings and that he told Eliff he wanted to take care of business and fist fight. This
evidence reveals that the two men did not like each other, which tends to show that Eliff had a
motive to stab Ayala. The testimony concerning the extraneous misconduct also tends to show that
Eliff disliked Ayala. 
      The probative value of the extraneous misconduct was not particularly compelling. This
evidence has slight relevance to motive, which is not an essential element of the offense, and has
no relation to the elements of attempted murder. 
      We conclude that the State had no compelling need to present this testimony. Due to the nature
of the misconduct, it is doubtful that a jury instruction to disregard the testimony would have been
effective. The testimony about such conduct could have unduly prejudiced some of the jurors
against Eliff. See Bishop v. State, 869 S.W.2d 342, 346 (Tex. Crim. App. 1993). 
      Under the relevant criteria, we conclude that the probative value of the testimony was minimal
while the potential for prejudice was great. See Montgomery, 810 S.W.2d at 397. Thus, the
probative value of the evidence was substantially outweighed by the danger of unfair prejudice. See
Tex. R. Crim. Evid. 403. We conclude that the trial court abused its discretion when it admitted
this evidence. See Montgomery, 810 S.W.2d at 391.
HARM ANALYSIS
      Having determined that the admission of this evidence was erroneous, we must assess the
harmfulness of such error. See Bishop, 869 S.W.2d at 346. Rule of Appellate Procedure 44.2
governs how harm is assessed after error is found in criminal cases. Tex. R. App. P. 44.2.
Subsection (b) provides: “Any [non-constitutional] error, defect, irregularity, or variance that does
not affect substantial rights must be disregarded.” Id. 44.2(b). 
      When we assess harm under Rule 44.2(b), we review the entire record to determine whether
“the error had a substantial and injurious effect or influence in determining the jury’s verdict.” King
v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos v. United States, 328 U.S.
750, 776, 66 S. Ct. 1239, 1253, 90 L. Ed. 1557 (1946)). If we conclude that the error did not have
such an effect or influence, then we must disregard the error. Tex. R. App. P. 44.2(b).
      We cannot say that the outcome of the trial would have been different without Ayala’s testimony
concerning the extraneous misconduct, because the evidence of Eliff’s guilt is overwhelming. The
State offered the testimony of two prison guards who witnessed the stabbing. The prison guard who
escorted Ayala to the cell, testified that after Ayala went into Eliff’s cell and the door began to close
he heard the noise of a struggle. He also testified that Ayala still had his handcuffs on. 
      Another guard, who entered the cell to break up the fight, testified that he saw Eliff stab Ayala
twice. After he broke up the fight, the guard found a shank on the floor. Ayala testified that upon
entering the cell, Eliff lunged toward him and began stabbing him. The nurse testified that Ayala
suffered 20-24 puncture wounds.
      After reviewing the entire record, we conclude that the influence of Ayala’s testimony was not
“substantial or injurious.” King, 953 S.W.2d at 273. Thus, the error was harmless. Tex. R. App.
P. 44.2(b).
      We overrule the second and third points of error.
      Eliff’s fourth point of error asserts that the court committed error when it admitted extraneous
misconduct that Eliff disrespected a black inmate. The State introduced the following testimony
during direct examination of Ayala:
[PROSECUTOR]: Well, did y’all — did you feel like, at least from your standpoint, that
you had built up some find of rapport or kind of a friendship [with Eliff] or what how did
you feel about it?
 
[AYALA]: I built up a friend. I felt like we were friends until he disrespected a black
inmate. 
 
[PROSECUTOR]: He disrespected a black inmate? 
 
[AYALA]: He started telling him --
 
[PROSECUTOR]: Was a black inmate in Seg [Administrative Segregation]?
 
[AYALA]: He was next door to him.
 
[PROSECUTOR]: How did he disrespect him, in your opinion?
 
[DEFENSE]: May I approach the bench?
 
[THE COURT]: Uh-huh. We need to have the hearing outside the presence of the jury
on that.
 
      In order to preserve an issue for appellate review, an appellant must make a timely objection. 
See Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). “Objections made after
questions are answered do not preserve error for appeal.” Sendejo v. State, 953 S.W.2d 443, 449
(Tex. App.—Waco 1997, pet. ref’d) (quoting Russell v. State, 904 S.W.2d 191, 196-97 (Tex.
App.—Amarillo 1995 pet. ref’d).
      Eliff’s counsel did not make a timely objection to this evidence. Therefore, we conclude that
the issue is not properly preserved for our review. We overrule the fourth point of error.
NOTICE
      In his fifth point of error, Eliff asserts that the court erred in admitting evidence of extraneous
misconduct because the State failed to give notice under Rule 404(b). Tex. R. Crim. Evid 404(b). 
We have already determined that the court erred under Rule 403 in allowing the testimony that Eliff
masturbated on Ayala’s family photo. Therefore, we need not consider the issue of notice with
respect to this evidence.
      With regard to the testimony that Eliff disrespected a black inmate, we found that there was no
timely objection. Therefore, Eliff did not properly preserve this issue for our review. Accordingly,
we overrule Eliff’s fifth point of error. 
SELF-DEFENSE
      Eliff’s sixth point of error asserts that the court erred by failing to include the issue of self-defense in the jury charge. Eliff argues that the testimony of Ayala raises the issue of self-defense. 
When the evidence raises the issue of self-defense, the defendant is entitled to have it submitted to
the jury. Dyson v. State, 672 S.W.2d 460, 463 (Tex. Crim. App. 1984). Conversely, if the
evidence does not raise the issue of self-defense, the defendant is not entitled to an instruction on
self-defense. See Barree v. State, 621 S.W.2d 776, 779 (Tex. Crim. App. 1981).
      A person is justified in using force against another when and to the degree he reasonably
believes force is immediately necessary to protect himself against the other person’s use or attempted
use of force. Tex. Pen. Code Ann. § 9.31(a) (Vernon 1994). The use of force is not justified in
response to verbal provocation alone or if the actor provoked the other’s use or attempted use of
force. Id. § 9.31(b)(1), (4) (Vernon Supp. 1998). 
      Ayala testified that he wanted to: “Fist-fight because I had told him [Eliff] that if he was man
enough, then let me go inside his house [cell] and let me take off my handcuffs, let the law men
[guard] take them off and when the law man leave, for him to come off the bunk and we’ll fight. 
He told me that his father had made him a man and his word was his word, so I believed him.” 
Ayala’s verbal provocation does not justify Eliff’s use of force. Id. § 9.31(b)(1).
      Eliff lunged at Ayala as soon as he entered the cell. At that time, Ayala was not using any force
and could not attempt to use force because he was still handcuffed. Ayala could not have had a fist
fight with his hands handcuffed behind his back. The use of force was not necessary as Eliff could
have alerted the guard that Ayala was in his cell. The guard was still standing outside the cell
waiting for Ayala to put his hands through the “bean slot” so he could remove the handcuffs.
      The record contains no evidence that Eliff reasonably believed it was immediately necessary to
use force to protect himself from Ayala. Therefore, the evidence does not raise the issue of self-defense and Eliff is not entitled to an instruction on self-defense. See Barree, 621 S.W.2d at 779. 
The court did not err when it failed to submit the issue of self-defense in the jury charge.
      Thus, we overrule the sixth point of error.
NEWLY DISCOVERED EVIDENCE
      Point of error seven asserts that the court erred by overruling Eliff’s motion for new trial based
on newly discovered evidence. Eliff claims that evidence tending to show that Ayala has gang
affiliations was not discovered until after the trial. 
      In order to obtain a new trial upon newly discovered evidence, the following elements are
required: 
(1) the newly discovered evidence was unknown to the movant at the time of trial;
 
(2) the movant’s failure to discover the evidence was not due to his want of diligence;
 
(3) the evidence is admissible and not merely cumulative, corroborative, collateral or
impeaching; and
 
(4) the evidence is probably true and would probably bring about a different result in
another trial.
 
Ashcraft v. State, 918 S.W.2d 648, 653 (Tex. App.—Waco 1996, pet. ref’d) (citing Moore v. State,
882 S.W.2d 844, 849 (Tex. Crim. App. 1994). 
      Further, motions for new trial based on newly discovered evidence are not favored by the courts
and are viewed with great caution. Drew v. State, 743 S.W.2d 207, 225 (Tex. Crim. App. 1987). 
A trial court has sound discretion when considering a motion for new trial based on newly
discovered evidence. Jones v. State, 711 S.W.2d 35, 36 (Tex. Crim. App. 1986). The trial court’s
decision should not be disturbed on appeal unless a clear abuse of discretion is shown. Id.
      According to testimony at the hearing on the motion for new trial, Eliff’s counsel did not
subpoena Ayala’s unit file until the trial began. One of Eliff’s investigators testified that Ayala’s
file was not received during trial. After the trial was over, the investigator received information that
Ayala might be involved in some gang activities.  
      On cross-examination, the investigator stated that gang information is also available through
subpoena from a gang intelligence officer. The late discovery of the evidence concerning gang
affiliation was in part due to the subpoena not being issued until the trial had begun. Thus, the
failure to discover this evidence could be due to a lack of diligence.  
      Further, Eliff has failed to show that evidence of Ayala’s gang affiliation would probably bring
about a different result. Ayala testified at trial that he had assaulted officers and inmates and as a
result was sent to the Administrative Segregation unit. Ayala was forthcoming about the trouble he
had in prison. Evidence that he was a member of a gang would probably have not brought about
a different result in the trial. 
      Eliff did not meet the requirements shown above for obtaining a new trial based on newly
discovered evidence. Therefore, we find that the trial court did not abuse its discretion in denying
Eliff’s motion for a new trial. See id. We overrule the seventh point of error.
      Eliff’s eighth point of error urges that the court erred in allowing evidence under article
38.36(a) of the Code of Criminal Procedure without performing the “balancing test” required by 
Rule 403. Tex. Code Crim. Proc. Ann. Art. 38.36(a) (Vernon Supp. 1998); Tex. R. Crim. Evid.
403. As discussed above, evidence admitted under article 38.36(a) of the Code of Criminal
Procedure is still subject to the Rules of Criminal Evidence. Fielder, 756 S.W.2d at 318. 
      The court is presumed to have conducted the balancing test when it considered the objection and
overruled it. See Williams v. State, No. 72,244, slip op. at 20, 1997 WL 631981, at *8 (Tex. Crim.
App. Oct. 15, 1997); Yates v. State, 941 S.W.2d 357, 367 (Tex. App.—Waco 1997, pet. ref’d). The
court is not required to perform the balancing test in a formal hearing on the record. See Williams,
No. 72,244, slip op. at 2; Houston v. State, 832 S.W.2d 180, 184 (Tex. App.—Waco 1992), pet.
dism’d improvidently granted, 846 S.W.2d 848 (Tex. Crim. App. 1993). Therefore, we find that
the court performed the balancing test under Rule 403. We overrule the eighth point of error.
      We affirm the judgment.
                                               
                                                                         REX D. DAVIS 
                                                                         Chief Justice
 
Before Chief Justice Davis
       Justice Cummings and
       Justice Vance
Affirmed
Opinion delivered and filed February 11, 1998 
Do Not Publish