Charles Fird Lee HOLMES, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–91–088–CR.

Court of Appeals of Texas,
Texarkana.

April 28, 1992.

---

2. Clearly Sterk suffered an injustice and damage. Unfortunately, the sovereign has not seen fit to provide a remedy.

David Malaby, Jr., Texarkana, for appellant.

Neal Birmingham, Dist. Atty., Cass County Courthouse, Linden, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Charles Fird Lee Holmes was convicted of murder and sentenced to twenty-two years imprisonment. He appeals, urging

that the trial court erred in denying his request for jury instructions on the law of self-defense and involuntary manslaughter.

Holmes was living with Terkethia Williams, who was separated from Joseph Nolan Williams (Williams). On February 28, 1991, Williams came to Terkethia's apartment to visit; he and she went into the children's room to talk. He began twisting her arm. She called out to Holmes, who was in the kitchen, to bring her a baseball bat.

Holmes took the bat to the bedroom and started to hand it to Terkethia, but Williams pulled her away. Holmes testified that Williams, still holding Terkethia, took one or two steps toward him. Holmes then struck Williams three times with the bat. Williams died later that night.

■ We first address Holmes' contention that the jury should have been instructed on the law of self-defense. If there is some evidence raising the issue of self-defense, the defendant is entitled to have the jury instructed on self-defense. *Hayes v. State*, 728 S.W.2d 804, 807 (Tex. Crim.App.1987); *Dyson v. State*, 672 S.W.2d 460, 463 (Tex.Crim.App.1984). An instruction is not required, however, if the evidence, viewed in a light favorable to the defendant, does not establish a case of self-defense. *Dyson v. State*, 672 S.W.2d 460.

■ Deadly force is defined as a force that is intended or known by the actor to cause, or in the manner of its use or intended use is capable of causing, death or serious bodily injury.[1] Holmes' use of a baseball bat to hit Williams in the head was a use of deadly force. *See Hayes v. State*, 728 S.W.2d 804, 808 (Tex.Crim.App.1987) (holding that a coke bottle can be a deadly weapon if used as a club). A person is justified in using deadly force against another:

(1) if he would be justified in using force against the other under Section 9.31 of this code;

(2) if a reasonable person in the actor's situation would not have retreated; and

(3) when and to the degree he reasonably believes the deadly force is immediately necessary:

(A) to protect himself against the other's use or attempted use of unlawful deadly force; or

(B) to prevent the other's imminent commission of aggravated kidnapping, murder, sexual assault, aggravated sexual assault, robbery, or aggravated robbery.

Tex.Penal Code Ann. § 9.32 (Vernon Supp. 1992). In order to be entitled to an instruction on the use of deadly force in self-defense, the defendant must produce some evidence on each of the three elements of Section 9.32. *Werner v. State*, 711 S.W.2d 639, 644 (Tex.Crim.App.1986); *Ogas v. State*, 655 S.W.2d 322, 324 (Tex.App.– Amarillo 1983, no pet.).

■ We shall first examine the evidence to see if there was evidence to show that Holmes could have reasonably believed that deadly force was immediately necessary to protect himself against Williams' use or attempted use of unlawful deadly force.[2] Holmes testified that he thought Williams was going to take the bat from him and attack him with it. "He came towards me like he was going to take the bat from me." This is not evidence that Williams *attempted* to use deadly force or even that Holmes thought that Williams attempted to use deadly force. There was no evidence that Williams tried to take the bat or that Williams made any verbal threats to Holmes. Absent such evidence, the defendant is not entitled to a jury instruction on the statutory defense of self-defense. *See Werner v. State*, 711 S.W.2d at 644. Furthermore, there was no evidence that Williams was attempting to

---

1. *Serious bodily injury* means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. Tex.Penal Code Ann. § 1.07(34) (Vernon 1974).

2. Holmes did not raise on appeal or at the trial level the trial court's failure to charge the jury on his right to use force to protect Terkethia.

commit one of the offenses listed in TEX.PENAL CODE ANN. § 9.32(3)(B). The trial court committed no error in denying Holmes' request for a jury instruction on the law of self-defense. This point of error is overruled.

Holmes next contends that the trial court erred by refusing to charge the jury on the offense of involuntary manslaughter. The jury was charged with the offenses of murder and voluntary manslaughter, and the jury convicted Holmes of murder.

■ A defendant is entitled to a charge on a lesser offense if (1) the lesser offense is included within the proof necessary to establish the offense charged and (2) there is some evidence that the defendant is guilty only of the lesser offense. *Dowden v. State*, 758 S.W.2d 264, 268 (Tex.Crim. App.1988); *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App. [Panel Op.] 1981).

■ Involuntary manslaughter is a lesser included offense of murder because it differs from murder only in that it requires a less culpable mental state. TEX. CODE CRIM.PROC.ANN. art. 37.09 (Vernon 1981); *Lugo v. State*, 667 S.W.2d 144, 147 (Tex.Crim.App.1984). A person commits the offense of involuntary manslaughter if he recklessly causes the death of an individual. TEX.PENAL CODE ANN. § 19.05(a) (Vernon 1989).

■ We must next inquire whether there was some evidence that Holmes was guilty only of an involuntary killing. The gist of involuntary manslaughter is reckless conduct, not a knowing or intentional act. *Garrett v. State*, 624 S.W.2d 953, 957 (Tex.App.–San Antonio 1981), *rev'd on other grounds*, 642 S.W.2d 779 (Tex.Crim.App. 1982). Recklessness is a conscious risk creation in which a person acts recklessly or is reckless with regard to the surrounding circumstances. The reckless person does not desire that the risk occur, but he is aware that there is a substantial risk, and he unjustifiably disregards it. TEX.PENAL CODE ANN. § 6.03(c) (Vernon 1974).

■ A person acts intentionally with respect to the nature of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. TEX.PENAL CODE ANN. § 6.03(a) (Vernon 1974). A person need not intend both conduct and result in order to have the culpable mental state for an intentional killing. Conduct is not rendered involuntary simply because the accused did not intend the result of his conduct. *Ross v. State*, 763 S.W.2d 897, 901 (Tex.App.–Dallas 1988, pet. ref'd).

■ The evidence clearly established that Holmes intended to strike Williams in the head three times with the bat. Although Holmes testified that he did not intend to kill Williams only to "render him so a police officer could come get him," he admitted that he knew that three or four blows would be fatal. As noted above, however, conduct is not rendered involuntary simply because the accused did not intend the result of his conduct. *Ross v. State, supra*. Williams was engaged in voluntary conduct. Involuntary manslaughter was not raised by these facts. The trial court did not err in refusing Holmes' requested charge on the lesser included offense of involuntary manslaughter. This point of error is overruled.

The judgment is affirmed.