Jesus REICH–BACOT, Appellant,

v.

The STATE of Texas, Appellee.

No. 317–96.

Court of Criminal Appeals of Texas, En Banc.

Oct. 30, 1996.

Bob Abbott, Coppell, for appellant.

Pamela Sullivan Berbanier, Assistant District Attorney, Dallas, Matthew Paul, State's Attorney, Austin, for appellee.

Before the court en banc.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

PÉR CURIAM.

Appellant was convicted of murder and sentenced to confinement for life and a $10,-

000 fine. Tex.Penal Code § 19.04(a)(1). The Court of Appeals found the trial judge erred in failing to instruct the jury on self defense. *Reich–Bacot v. State,* 914 S.W.2d 666, 668–669 (Tex.App.—Texarkana 1996). The Court of Appeals did not perform a harm analysis but instead summarily reversed and remanded the case to the trial court for a new trial. *Id.,* 914 S.W.2d at 669.

In *Hamel v. State,* 916 S.W.2d 491, 494 (Tex.Cr.App.1996), we held a harm analysis under *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.App.1984), was appropriate in cases where the trial judge erred in refusing a charge on a defensive theory. *See generally,* Tex.Code Crim.Proc.Ann. art 36.19; *and, Atkinson v. State,* 923 S.W.2d 21, 25–27 (Tex.Cr.App.1996). Therefore, the Court of Appeals erred in reversing the judgment of the trial court without first conducting a harm analysis.

Accordingly, the judgment of the Court of Appeals is vacated and the case is remanded to that court to conduct such a harm analysis.

Judgment of Court of Appeals vacated; cause remanded to Court of Appeals.

McCORMICK, P.J., and KELLER, J., dissent.