**Jesus REICH–BACOT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 476–97.

Court of Criminal Appeals of Texas, En Banc.

Aug. 13, 1997.

Robert P. Abbott, Coppell, for appellant.

Pamela Sullivan Berdanier, Asst. Dist. Atty., Dallas, Matthew Paul, State's Atty., Austin, for State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

A jury convicted Appellant of murder and assessed punishment at confinement for life

and a $10,000.00 fine. The Court of Appeals reversed the conviction after finding that the trial court erred in failing to instruct the jury on self-defense. *Reich–Bacot v. State,* 914 S.W.2d 666 (Tex.App.—Texarkana 1996). We granted the State's petition for discretionary review and remanded the case to the Court of Appeals to conduct a harm analysis. *Reich–Bacot v. State,* 936 S.W.2d 961 (Tex. Cr.App.1996). On remand the Court of Appeals found the error harmless. *Reich–Bacot v. State,* 941 S.W.2d 380 (Tex.App.—Texarkana 1997).

In his first ground for review, Appellant, who is indigent, contends that the Court of Appeals erred in failing to afford him the opportunity to file a brief after remand. He states that no notice was sent informing him of his right to file a brief, and the Court of Appeals did not inquire why none was filed. See Tex.R.App.Pro. 74(*l*)(2).

This Court has held that an indigent appellant is entitled to the assistance of counsel in filing a brief on remand from this Court. *Theus v. State,* 863 S.W.2d 489 (Tex.Cr.App. 1993); *Robinson v. State,* 790 S.W.2d 334 (Tex.Cr.App.1990). If no brief is timely filed the Court of Appeals must inquire as to the reason for that omission. Rule 74(*l*)(2); *Theus,* 863 S.W.2d at 491.

The record does not reflect that notice was sent to Appellant informing him of his right to file a brief, or that the Court of Appeals inquired as to why one was not filed. In the absence of any brief by counsel or inquiry by the appellate court it must be presumed that Appellant was not represented by counsel. *Theus,* 863 S.W.2d at 491. Therefore, Appellant's first ground for review is summarily granted. The judgment of the Court of Appeals is vacated and the case is again remanded to that court so that Appellant may file a brief after remand. Appellant's second ground for review is dismissed without prejudice.