**Jesus REICH–BACOT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–95–00119–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Nov. 12, 1997.

Decided Nov. 13, 1997.

Robert P. Abbott, Coppell, for appellant.

John R. Rolater, Jr., Assistant District Attorney, Dallas, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION ON REMAND

GRANT, Justice.

Jesus Reich–Bacot was convicted of murder and sentenced to imprisonment for life and a $10,000 fine. On appeal, this court found that the trial judge erred by failing to instruct the jury on self defense.[1] The Court of Criminal Appeals vacated our judgment and remanded the case so that we could conduct a harm analysis of the error under the authority of *Hamel v. State*,[2] which was decided by the Court of Criminal Appeals after our initial opinion in this case.

■ Reich–Bacot was first convicted in 1988, and appealed to the Dallas Court of Appeals.[3] That court reversed his conviction on his claim of *Batson*[4] error. The case was retried, Reich–Bacot was convicted again, and appealed again. The second time, the

appeal was transferred to this court, which reversed his second conviction because we concluded that the Court of Criminal Appeals required automatic reversal when the defensive theory of self-defense was raised and requested but not given.[5] The Court of Criminal Appeals reversed that conviction, and remanded to this court for a harm analysis.[6] As the issues had been fully explored on initial briefing, we rendered an opinion finding the error to be harmless.[7]

The Court of Criminal Appeals again reversed and remanded because we did not order rebriefing.[8] The briefs have now been filed, and counsel have waived oral argument. Thus, we now re-reconsider the issue that was before us eight months ago with the benefit of the rebriefing.

■ We have carefully reviewed the new briefs. We find nothing in those briefs that provides any new argument on the issue addressed in our last published opinion. We do acknowledge that we are not to act as a thirteenth juror in a case and that we would clearly not substitute our opinions as to the weight of the evidence for that of a jury, nor would we deny the jury the right to consider an issue if sufficiently raised.[9] The difference between an automatic reversal as applied in our first opinion and a harm analysis as dictated by the Court of Criminal Appeals, however, is the difference that allows us to affirm in this case. This does not involve a weighing of the evidence in the manner set out in *Moreno*, but does require us to examine the evidence sufficiently to determine whether the error was calculated to injure the defendant's rights or show that he did

1. *Reich–Bacot v. State*, 914 S.W.2d 666, 668–69 (Tex.App.-Texarkana 1996).

2. 916 S.W.2d 491, 494 (Tex.Crim.App.1996).

3. *Reich–Bacot v. State*, 789 S.W.2d 401 (Tex. App.-Dallas 1990), *pet. dism'd*, 815 S.W.2d 582 (Tex.Crim.App.1991).

4. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

5. *Reich–Bacot v. State*, 914 S.W.2d 666.

6. *Reich–Bacot v. State*, 936 S.W.2d 961 (Tex. Crim.App.1996). After the Court of Criminal

Appeals last reversed us for not requiring rebriefing in *Reich–Bacot*, it now says in *Theus v. State*, 863 S.W.2d 489 (Tex.Crim.App.1993), rebriefing is not always required. The requirement of rebriefing on remand is limited to situations where the issue was not previously briefed on original submission. *Bell v. State*, 956 S.W.2d 560 (Tex. Crim.App.1997).

7. *Reich–Bacot v. State*, 941 S.W.2d 380 (Tex. App.-Texarkana 1997).

8. *Reich–Bacot v. State*, 952 S.W.2d 542 (Tex. Crim.App. 1997).

9. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim.App.1988).

not have a fair and impartial trial. *See Hamel*, 916 S.W.2d at 494. The issue of harm was sufficiently addressed in our former opinion, and for the reasons set out in our opinion, found at 941 S.W.2d 380, we affirm.