**Jesus REICH–BACOT, Appellant,**

v.

**The STATE of Texas.**

No. 0003–98.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 23, 1998.

Robert P. Abbott, Coppell, for appellant.

John R. Rolater, Jr., Asst. Dist. Atty., Dallas, Matthew Paul, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

Appellant was convicted by a jury of the offense of murder. He was sentenced to life imprisonment and assessed a fine of $10,-000.00. The Texarkana Court of Appeals sustained appellant's claim of charging error and reversed and remanded the case. *Reich-Bacot v. State,* 914 S.W.2d 666 (Tex.App.— Texarkana 1996). The State filed a petition for discretionary review, which was granted by this Court. This Court remanded the case to the Court of Appeals to conduct a harm analysis pursuant to *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.App.1984). *Reich–Bacot v. State,* 936 S.W.2d 961 (Tex.Cr.App. 1996). On first remand, the Court of Appeals held that appellant was not harmed by the charging error. *Reich–Bacot v. State,* 941 S.W.2d 380 (Tex.App.—Texarkana 1997). Appellant filed a petition for discretionary review, which was granted by this Court. This Court remanded the case to the Court

of Appeals with instructions to allow appellant to file a brief on remand. *Reich–Bacot v. State,* 952 S.W.2d 542 (Tex.Cr.App.1997). On second remand, appellant and the State briefed the issue of harm, and the Court of Appeals again held that appellant suffered no harm due to any charging error. *Reich–Bacot v. State,* 957 S.W.2d 892 (Tex.App.— Texarkana 1997, pet. granted).

We granted discretionary review on one ground. We decide our decision to grant discretionary review was improvident. Therefore, we dismiss appellant's petition for discretionary review.

BAIRD, J., dissents for the reasons stated in the dissenting opinion in *Ex Parte Ramirez,* 919 S.W.2d 435, 436 (Tex.Cr.App. 1996), and *Houston v. State,* 846 S.W.2d 848 (Tex.Cr.App.1993).

OVERSTREET, J., dissents.

MANSFIELD, Judge, dissenting.

Because I believe the ground for review presented in this cause should be addressed by this Court, I respectfully dissent to the majority's dismissal of this petition for discretionary review as having been improperly granted.

It should be noted the complainant was killed in January of 1986. Appellant was not indicted and tried for this offense until 1988. At trial, Anna Avila, appellant's former spouse, testified she saw the complainant in the backyard talking to appellant and two friends. Appellant then turned on a lawn mower. She testified she heard a gunshot, looked out the window and saw the complainant, holding a small gun in his hand, fall to his knees. She observed a gun in appellant's hand. She testified further appellant went into the house and led her outside to the body. He told her she was an accomplice

---

1. 959 S.W.2d 615, 619 (Tex.1997) (Baker, J.,     dissenting).

because she was there and saw what happened. Avila testified she saw the three men urinate on the body.

Complainant's body was found a day later in a quarry, covered with trash. The medical examiner testified complainant died as a result of a gunshot wound to the head, fired from at least three feet away. He testified complainant was also stabbed in the chest and abdomen and that these stab wounds could have been fatal.

During voir dire, his opening statement and closing statement, appellant never claimed he acted in self-defense. His defense at trial was that his ex-wife framed him, and he vigorously denied that he shot the complainant. His cross-examination of Anna Avila, focused on her alleged ill feelings toward her former husband, inconsistencies between her trial testimony and her pretrial statements and his contention she had been pressured into testifying against appellant by the State.[1] Appellant presented no witnesses at trial and never introduced any evidence in support of the theory of self-defense. Indeed, the only evidence that theoretically would have raised self-defense was Avila's testimony that she saw a small gun in the complainant's hand after she heard a gunshot and, looking out the window, saw the complainant fall to his knees. Texas Penal Code § 9.31(a), as then in effect, provided:

> Except as provided in subsection (b) of this section, a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force.

Texas Penal Code § 9.32 provides as follows:

> A person is justified in using deadly force against another:
>
> (1) if he would be justified in using force against the other under Section § 9.31 of this code;

(2) if a reasonable person in the actor's situation would not have retreated; and

(3) when and to the degree he reasonably believes the deadly force is immediately necessary:

> (A) to protect himself against the other's use of unlawful deadly force; or
>
> (B) to prevent the other's imminent commission of aggravated kidnapping, murder, sexual assault, aggravated sexual assault, robbery, or aggravated robbery.

Appellant was not entitled to an instruction on self-defense. There was no evidence before the trial court relating to the immediacy of any threat presented by the complainant, the opportunity to retreat, or that the complainant was about to commit any of the offenses listed in § 9.32(1)(B). The evidence, if anything, suggests a premeditated murder of complainant: he arrived as a guest at appellant's home, appellant turned on a lawn mower (it was January) to muffle noise from a gunshot and then, after the shooting, warned Avila to, in effect, keep quiet. There was no testimony the complainant threatened appellant with a gun, and it can be inferred the complainant drew second after being first threatened by appellant, or drew as he was being shot.

Self-defense is a justification defense. In order to be entitled to a charge on self-defense, the defendant is essentially required to admit committing the conduct giving rise to the indictment. He then must offer evidence as to why the conduct was justified under one or more of the reasons described in Texas Penal Code § 9.32. See, *Hamel v. State*, 916 S.W.2d 491 (Tex.Crim.App.1996). Appellant, in the instant case, denied committing the offense. He certainly did not, obviously, offer any evidence as justification for shooting the complainant. Self-defense was never a contested issue at trial and the trial court would have negated appellant's defensive theory had it instructed the jury as to self-defense.[2]

---

**1.** Anna Avila's testimony was the only evidence directly linking appellant to the charged offense. Appellant was first tried for this offense in 1988; his conviction was reversed. *Reich–Bacot v. State*, 789 S.W.2d 401 (Tex.App.—Dallas 1990).

This is an appeal following his conviction on retrial.

**2.** The instant case is similar to *Land v. State*, 943 S.W.2d 144 (Tex.App.—Houston [1st Dist.] 1997, no pet.). While self-defense was mentioned dur-

I would hold that where a defendant, as in the instant case, has as his entire theory of defense that he did not commit the offense, and offers no evidence as to justification as described in § 9.32, he is not entitled to an instruction as to self-defense. The court of appeals held it was harmless error for the trial court not to have given appellant's requested instruction on self-defense. *Reich–Bacot v. State,* 957 S.W.2d 892 (Tex.App.—Texarkana 1997, op. on remand). I would overrule the holding of the court of appeals to the extent that it holds appellant was entitled to the instruction. Accordingly the trial court did not err in failing to give it.

I respectfully dissent.

ing voir dire, Land's defensive theory was the same as that in the instant case: he did not commit the charged offense. Self-defense was not a contested issue at trial, and no justification evidence was offered.