In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-02-00216-CR
______________________________


DANNY LEE HOLLOWAY, II, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 18662


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

            Danny Lee Holloway, II, was convicted by jury trial of manslaughter with a deadly weapon
finding. The jury assessed punishment at twenty years' confinement. Holloway contends that he
received ineffective assistance of counsel and that the evidence is legally and factually insufficient
to overcome his justification of self-defense.
            On July 21, 2001, Holloway got into a confrontation with Courtney Gray, a 330-pound
college football player, near the "Old Folks Home," a nightclub in Paris, Texas. Eventually, several
spectators joined the melee, and Holloway defended himself with a knife. Ashley Deane Lee and
several others were stabbed during various portions of the fight. Lee died from a four-inch-deep
wound severing the subclavian artery and hitting the left lung. 
            A survival-type knife was found in Holloway's car wrapped in a rag.


 While there is a dispute
over whether this was the knife Holloway originally had,


 Holloway was seen by Marquis Hicks with
a survival knife before Lee was stabbed. 
            Holloway was charged in a two-count indictment for the offense of murder. The jury was
charged concerning the offense of murder and the lesser-included offenses of manslaughter and
negligent homicide. The jury found Holloway guilty of the offense of manslaughter and assessed
a punishment of twenty years' imprisonment. 
            This appeal centers around whether Holloway received effective assistance of counsel at trial
and whether sufficient evidence exists to support the jury's finding that Holloway's actions were not
justified by self-defense. Holloway has failed to show in the record that his trial counsel's
performance was deficient or that any such deficiency resulted in prejudice. In addition, sufficient
evidence exists to support the jury's finding that Holloway's use of deadly force was not justified due
to self-defense. We affirm the judgment of the trial court.
Ineffective Assistance of Counsel
            Both the United States Constitution and the Texas Constitution confer a right to effective
representation by counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10. If counsel's
performance is ineffective, the conviction cannot stand. The Texas Court of Criminal Appeals has
held that the Texas Constitution does not impose a higher standard than the Sixth Amendment. 
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Hernandez v. State, 726 S.W.2d 53,
56-57 (Tex. Crim. App. 1986). The Sixth Amendment standard, established by Strickland, requires
a defendant alleging ineffective assistance of counsel to show that his or her counsel's performance
at trial was deficient and that counsel's deficient performance prejudiced the defense. See Strickland
v. Washington, 466 U.S. 668 (1984); see also Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App.
2002). 
            To satisfy the deficiency prong of the test, Holloway must prove, by a preponderance of the
evidence, that his counsel's representation fell below the objective standard of professional norms. 
Bone, 77 S.W.3d at 833. There is a strong presumption counsel's performance was adequate. Id. 
Holloway argues that trial counsel's cross-examination of the witnesses resulted in deficient
performance. In support of his argument, Holloway includes examples of questions which he
contends should have been asked of the State's witnesses. These questions deal with alleged
inconsistencies in the State's witnesses' statements. An appellate court should not "conclude the
challenged conduct constituted deficient performance unless the conduct was so outrageous that no
competent attorney would have engaged in it." Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim.
App. 2001). 
            An ineffective assistance of counsel claim cannot be based on a difference of opinion
concerning strategy. This Court should not consider the wisdom of such a strategy, since ineffective
assistance of counsel claims cannot be "built on retrospective speculation." Bone, 77 S.W.3d at 835. 
Holloway's argument focuses solely on matters of strategy. "Cross-examination is inherently risky,
particularly in criminal cases where pre-trial discovery is more limited than in civil cases. A decision
not to cross-examine a witness is often the result of wisdom acquired by experience in the combat
of trial." Ryan v. State, 937 S.W.2d 93, 103 (Tex. App.‒Beaumont 1996, pet. ref'd) (quoting
Dannhaus v. State, 928 S.W.2d 81, 88 (Tex. App.‒Houston [14th Dist.] 1996, pet. ref'd)). At times,
it can be more effective to refrain from cross-examining a damaging witness to minimize the impact
of the testimony. Id. "[T]he defendant must prove, by a preponderance of the evidence, that there
is . . . no plausible professional reason for a specific act or omission." Bone, 77 S.W.3d at 836. "If
counsel's reasons for his conduct do not appear in the record and there is at least the possibility that
the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny
relief on an ineffective assistance claim on direct appeal." Ortiz v. State, 93 S.W.3d 79, 88-89 (Tex.
Crim. App. 2002). Since it is entirely plausible that counsel did not ask certain questions based on
a conclusion that refraining from asking questions was the better strategy, Holloway's contention
does not prove there was no plausible professional reason. Therefore, trial counsel's performance
was not deficient.
            The second prong of the ineffective assistance of counsel test is whether the defendant's trial
was prejudiced by trial counsel's deficiency. Texas law requires Holloway to meet both prongs of
Strickland. A defendant does not meet the burden by merely showing that an error had some
conceivable effect on the outcome of the trial. Strickland, 466 U.S. at 693. The defendant must
show a "reasonable probability" that, but for the error, the result of the trial would have been
different. Id. "A reasonable probability is a probability sufficient to undermine confidence in the
outcome." Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Holloway argues that
the evidence was so conflicting, contradictory, and implausible we can have no confidence in the
outcome. We are unable to conclude the evidence is so contradictory that harm is inherently shown. 
Ineffective assistance of counsel claims "must be firmly founded in the record." Id. at 813. 
Holloway has made no showing in the record of how trial counsel's allegedly deficient performance
created a reasonable probability that the result would have been different. Therefore, Holloway has
not met the second prong of Strickland.
Sufficiency of Evidence
            In his second point of error, Holloway argues that the evidence is legally and factually
insufficient to disprove the issue of self-defense. Holloway argues that the evidence clearly indicates
Holloway was entitled to defend himself.
            The State argues that, under Lee v. State, the State is not required to disprove the justification
of self-defense. Lee v. State, 818 S.W.2d 778, 781 (Tex. Crim. App. 1991), overruled on other
grounds by Moore v. State, 969 S.W.2d 4 (Tex. Crim. App. 1998). The State contends Holloway
is estopped from challenging the sufficiency of the evidence of his conviction on the lesser-included
offense of manslaughter because he requested the lesser-included offense. We do not believe that
Lee applies in this case. 
            First, Lee was an opinion by three justices of the Texas Court of Criminal Appeals hearing
the case en banc with five justices concurring and one justice dissenting. Id. at 781-82. The Texas
Court of Criminal Appeals has noted that "a plurality opinion has 'limited precedential value,' or even
'no precedential value.' And the opinion of less than a plurality of a court correspondingly has even
less value." Ex parte Anderer, 61 S.W.3d 398, 406 (Tex. Crim. App. 2001) (citations omitted). 
Further, Moore v. State explicitly overruled Lee on other grounds as well as Bradley v. State, 688
S.W.2d 847 (Tex. Crim. App. 1985), on whose reasoning Lee relied. Moore, 969 S.W.2d at 9-10. 
Lee may have no precedential value.
            Second, Lee dealt with the situation where a defendant charged with murder requested the
lesser-included offense of manslaughter and then challenged the sufficiency of the evidence
supporting the "sudden passion" element of manslaughter. Lee, 818 S.W.2d at 781. The court held
that the defendant was estopped from challenging the evidentiary sufficiency of the elements of
voluntary manslaughter. In amending the offense of manslaughter, the 73rd Legislature removed
the "sudden passion" element of voluntary manslaughter and included it as a punishment
consideration for the offense of murder. See Tex. S.B. 1067, 73rd Leg., R.S., 1993 Tex. Gen. Laws
3613-14. Even if Lee is still valid precedent, it may be limited to sufficiency of the evidence
challenges based on the "sudden passion" element of voluntary manslaughter convictions before
September 1, 1994. 
            Third, self-defense is a justification, not an element of the offense. Self-defense relieves a 
defendant of all criminal liability for his or her actions. The justification of self-defense is a defense
to both manslaughter and murder. The Fort Worth Court of Appeals has held that, even in light of
Lee, the State must still disprove defense of a third person. Taylor v. State, 947 S.W.2d 698, 702
(Tex. App.‒Fort Worth 1997, pet. ref'd). Even if Holloway is estopped from contending there is
insufficient evidence to support the elements of manslaughter, the State must still disprove the
justification of self-defense. Therefore, we find the holding in Lee inapplicable and shall consider
the substance of Holloway's second point of error.
            In our review of the legal sufficiency of the evidence, we employ the standards set forth in
Jackson v. Virginia, 443 U.S. 307, 319 (1979). This calls on the Court to view the relevant evidence
in the light most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d
1, 7 (Tex. Crim. App. 2000); Turner v. State, 805 S.W.2d 423, 427 (Tex. Crim. App. 1991). 
            In contrast to legal sufficiency, a factual sufficiency review dictates that the evidence be
viewed in a neutral light, favoring neither party. Johnson, 23 S.W.3d at 7. In determining the factual
sufficiency of the evidence to establish the elements of the offense, we view all the evidence in a
neutral light and set aside the verdict only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong, or so weak as to be clearly wrong or manifestly unjust. Id. 
However, "[t]he court's evaluation should not substantially intrude upon the jury's role as the sole
judge of the weight and credibility of witness testimony." Jones v. State, 944 S.W.2d 642, 648 (Tex.
Crim. App. 1996).
            The confrontation between Gray and Holloway developed because Gray believed that
Holloway almost hit him with his car. Gray was standing next to his car and believed that Holloway
almost hit him while Holloway was trying to back up and park his car. After the subsequent verbal
exchange, Gray claims Holloway "flinched" for his knife, which was in his pocket. Gray then struck
Holloway, grabbed Holloway's arm, forced him to the ground, and started punching him in the back
of the head while straddling him. Someone then pulled Gray off of Holloway. 
            Holloway got up and made a statement that included a racial slur directed at Gray and the
crowd. After the alleged statement, Gray testified that the crowd, which had gathered around the
confrontation, began throwing "bottles and other things" at Holloway, although Hicks and Taquilla
Gray claimed nothing was thrown at Holloway. The defense witnesses testified that, at that point,
the crowd then attacked Holloway. Officer Jeff Springer testified that, although Holloway had small
knots on the back of his head and some abrasions and bruises, he did not appear to have been beaten
up by several people.


 Taquilla Gray and Derrick Dillard testified that, eventually, Holloway swung
his knife wildly at the crowd. Taquilla Gray testified that "[s]he was standing in front of me on my
right. She was talking to a guy. She was -- had her back turned towards the fight and she was
talking to a guy. When she turned around towards the fight after talking to the guy, Danny stabbed
he, came -- that's when he came up and he stabbed her." Cornelius Reeves, an employee of the club,
saw Ashley Lee yell "fight" and run into the fighting crowd. 
            Holloway argues that a person in his situation would reasonably fear serious bodily injury
when attacked by multiple assailants and would have the right to defend himself. Holloway asserts
Lee's close proximity to the fight indicates she was one of his assailants. However, the great weight
of the evidence does not indicate that Lee was one of Holloway's assailants. Further, sufficient
evidence exists to support a conclusion by the jury that the assailants were not using deadly force.
            In raising the justification of self-defense, a defendant bears the burden of production, which
requires the production of some evidence that supports the particular defense. Zuliani v. State, 97
S.W.3d 589, 594 (Tex. Crim. App. 2003); Saxton v. State, 804 S.W.2d 910, 913 (Tex. Crim. App.
1991). Once the defendant produces such evidence, the State then bears the burden of persuasion
to disprove the raised defense beyond a reasonable doubt. Zuliani, 97 S.W.3d at 594; Saxton, 804
S.W.2d at 913-14. The burden of persuasion does not require the production of evidence, but rather
only requires that the State persuade the jury beyond a reasonable doubt that the defendant did not
act in self-defense. Zuliani, 97 S.W.3d at 594; Saxton, 804 S.W.2d at 913-14; Kelley v. State, 968
S.W.2d 395, 399 (Tex. App.‒Tyler 1998, no pet.). A jury verdict of guilty results in an implicit
finding against the defensive theory. Zuliani, 97 S.W.3d at 594; Saxton, 804 S.W.2d at 914.
             Deadly force is defined as "a force that is intended or known by the actor to cause, or in the
manner of its use or intended use is capable of causing, death or serious bodily injury." Johnson v.
State, 959 S.W.2d 284, 295 (Tex. App.‒Dallas 1997, pet. ref'd); Holmes v. State, 830 S.W.2d 263,
265 (Tex. App.‒Texarkana 1992, no pet.). A person is justified in using deadly force against
another:
 (1) if he would be justified in using force against the other under Section 9.31;
 (2) if a reasonable person in the actor's situation would not have retreated; and
                (3) when and to the degree he reasonably believes the deadly force is immediately
necessary:
 (A) to protect himself against the other's use or attempted use of unlawful
deadly force; or
 (B) to prevent the other's imminent commission of aggravated kidnapping,
murder, sexual assault, aggravated sexual assault, robbery, or aggravated
robbery.

Tex. Pen. Code Ann. § 9.32(a) (Vernon 2003). A person is justified in using force against another
when and to the degree he reasonably believes the force is immediately necessary to protect himself
against the other's use or attempted use of unlawful force. Tex. Pen. Code Ann. § 9.31(a) (Vernon
2003). Serious bodily injury means "bodily injury that creates a substantial risk of death or that
causes death, serious permanent disfigurement, or protracted loss of impairment of the function of
any bodily member or organ." Tex. Pen. Code Ann. § 1.07(46) (Vernon Supp. 2004).
            The relevant inquiry is whether sufficient evidence exists to support the jury's conclusion
Holloway could not have reasonably believed deadly force was immediately necessary to protect
himself against the use or attempted use of unlawful deadly force. If a defendant did not reasonably
believe that his or her attackers were using or attempting to use unlawful deadly force, deadly force
cannot be used in self-defense. Holmes, 830 S.W.2d at 265. "The amount of force used must be in
proportion to the force encountered." Kelley, 968 S.W.2d at 399.
            A rational juror could have concluded Holloway did not reasonably believe that his attackers
were using deadly force. "[T]he issue of self-defense is an issue of fact to be determined by the
jury." Saxton, 804 S.W.2d at 913-14. The credibility of defensive evidence is within the sole
province of the jury, which is free to accept or reject the said evidence. Id. at 914. In order for a
juror to conclude Holloway reasonably believed his attackers were using deadly force, he would have
had to believe the defense witnesses who testified that he was attacked by a large crowd and
conclude the large crowd was using deadly force. A rational juror could have chosen to disbelieve
the defense version of the facts. A rational juror could have concluded Holloway did not reasonably
believe he was being attacked with deadly force.
            The great weight of the evidence does not indicate that the attackers attempted to use deadly
force or even that Holloway thought the crowd attempted to use deadly force. While there is some
evidence of bottles and other weapons, the evidence does not clearly indicate they were used in a
manner capable of causing death, serious permanent disfigurement, or protracted loss of impairment
of the function of any bodily member or organ. While Gray testified bottles were thrown at
Holloway, Hicks testified bottles were not thrown. The evidence does not clearly establish that the
bottles were used in a manner capable of causing death or serious bodily injury. Further, while the
great weight of the evidence indicates Holloway was attacked by the crowd, the great weight of the
evidence does not indicate the physical attacks of the crowd included force that is intended or known
by the actor to cause, or in the manner of its use or intended use is capable of causing, death or
serious bodily injury. Therefore, the great weight of the evidence does not indicate Holloway
reasonably believed he was being attacked by deadly force. There is factually and legally sufficient
evidence to support the jury's verdict.
            Holloway has failed to show that his trial counsel's performance was deficient or that a
"reasonable probability" exists that, but for the errors, the result of the trial would have been
different. There is sufficient evidence to support the jury's implied finding that the State disproved
Holloway's defense of self-defense because the jury may have been persuaded that Holloway did not
reasonably believe he was being attacked with deadly force.
            For the reasons stated, we affirm the judgment of the trial court.
 


                                                                        Jack Carter
                                                                        Justice

Date Submitted:          October 30, 2003
Date Decided:             November 5, 2003

Do Not Publish