NUMBER 13-03-768-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

ROBERT FERDINAND GOEHRING,                                       Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 24th District Court
of Goliad County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

         After a bench trial, appellant, Robert Ferdinand Goehring, was convicted of
aggravated assault with a deadly weapon. See TEX. PEN. CODE ANN. § 22.02(a)(2)
(Vernon 2003). The trial court assessed punishment at two years imprisonment in the
Texas Department of Criminal Justice Institutional Division, probated for five years,
and a $1,000.00 fine. The trial court has certified that this case “is not a plea-bargain
case, and the defendant has the right of appeal.” See TEX. R. APP. P. 25.2(a)(2). By
two points of error, appellant contends: (1) the evidence presented was legally
insufficient to support his conviction; and (2) appellant’s actions were legally justified. 
We affirm.
I. FACTSAs this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See TEX. R. APP. P. 47.4. II. SUFFICIENCY OF EVIDENCE
         By his first point of error, appellant contends the evidence is legally insufficient
to sustain his conviction for aggravated assault with a deadly weapon. Specifically,
appellant argues that it could not be shown beyond a reasonable doubt that appellant
used or exhibited a deadly weapon. See TEX. PEN. CODE ANN. § 22.02(a)(2) (Vernon
2003).
A. Standard of Review
         In a legal sufficiency review, this Court must examine the evidence presented
in the light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense present beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Young v. State,
14 S.W.3d 748, 753 (Tex. Crim. App. 2000). In making this determination, the
reviewing court considers all the evidence admitted that will sustain the conviction,
including improperly admitted evidence. Conner v. State, 67 S.W.3d 192, 197 (Tex.
Crim. App. 2001). Questions concerning the credibility of witnesses and the weight
to be given their testimony are to be resolved by the trier of fact. Mosley v. State,
983 S.W.2d 249, 254 (Tex. Crim. App. 1998). Evidence is not rendered insufficient
when conflicting evidence is introduced. Matchett v. State, 941 S.W.2d 922, 936
(Tex. Crim. App. 1996). The reviewing court must assume that the fact finder
resolved conflicts, including conflicting inferences, in favor of the verdict, and must
defer to that resolution. Id.      B. Analysis
         A review of the record reveals conflicting testimony from Jacobo Tafolla and
appellant regarding their encounter. Tafolla testified that appellant pointed the barrel
of the rifle at Tafolla’s torso and told him that “he used to be a hit man for the C.I.A.
[and] that he doesn’t take any prisoners.” Appellant, however, denied pointing a rifle
at Tafolla or threatening him. 
         As the trier of fact, the trial court determines the credibility of the witnesses and
the weight to be given their testimony. See Mosley, 983 S.W.2d at 254. Based on
Tafolla’s testimony and other discrepancies in appellant’s testimony, and reviewing the
evidence presented in the light most favorable to the verdict, we conclude a rational
trier of fact could have found beyond a reasonable doubt that appellant used or
exhibited a deadly weapon during the commission of the assault. See Jackson, 443
U.S. at 319; see also TEX. PEN. CODE ANN. § 22.02(a)(2) (Vernon 2003); De Anda v.
State, 769 S.W.2d 522, 524 (Tex. Crim. App. 1989) (holding rifle is deadly weapon
per se). Therefore, appellant’s first point of error is overruled.III. JUSTIFICATION DEFENSE
         By his second point of error, appellant contends his actions were legally justified
under sections 9.41 and 9.42 of the Texas Penal Code. See TEX. PEN. CODE ANN. §§
9.41, 9.42(a)(2) (Vernon 2003). To raise a legal justification defense, a defendant
must admit to the conduct in the statute under which he is charged. See Reich-Bacot
v. State, 976 S.W.2d 678, 679 (Tex. Crim. App. 1998); Withers v. State, 994
S.W.2d 742, 745 (Tex. App.–Corpus Christi 1999, pet. ref’d). However, in this case,
appellant denied pointing his rifle at Tafolla or threatening him. Because appellant did
not admit to the conduct underlying the offense, he cannot raise a justification
defense. See Reich-Bacot, 976 S.W.2d at 679; Withers v. State, 994 S.W.2d at 745. 
Appellant’s second point of error is overruled. IV. CONCLUSION
         Accordingly, the judgment of the trial court is affirmed.

                                                                        NELDA V. RODRIGUEZ
                                                                        Justice
Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 
filed this 19th day of August, 2004.