Alex GONZALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 1641–92.

Court of Criminal Appeals of Texas, En Banc.

Sept. 15, 1993.

Rehearing Denied Nov. 3, 1993.

George McCall Secrest, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Timothy G. Taft, Chuck Rosenthal and Donald A. Smith, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was charged with murder pursuant to Tex.Penal Code Ann. § 19.02(a)(1) and (2). But the jury convicted him of the lesser offense of voluntary manslaughter, Tex.Penal Code Ann. § 19.04, and assessed punishment at seven years confinement. The Court of Appeals reversed. *Gonzales v. State*, 838 S.W.2d 848 (Tex.App.—Houston [1st Dist.] 1992).

We granted the State's petition for discretionary review which raises two grounds for review, namely that the trial judge correctly instructed the jury on the law of voluntary intoxication and that the trial judge properly excluded evidence of specific acts of violence by the deceased. After carefully considering these grounds, we find that our decision to grant the State's petition was improvident. Accordingly, the State's petition is dismissed.

WHITE, J., concurs in the result.

McCORMICK, P.J., and CLINTON and OVERSTREET, JJ., dissent.

BAIRD, Judge, concurring.

Although I agree the State's petition for discretionary review was improvidently granted, I feel further explanation is necessary.

## I.

Appellant was charged with murder, Tex.Penal Code Ann. § 19.02(a)(1), but convicted of the lesser offense of voluntary manslaughter. Tex.Penal Code Ann. § 19.04. Punishment was assessed at seven years confinement. On appeal, the Court of Appeals sustained three separate points of error and reversed. *Gonzales v. State*, 838 S.W.2d 848 (Tex.App.—Houston [1st Dist.] 1992). Specifically, the Court of Appeals held the trial judge erred in: (1) excluding evidence of specific acts of violence by the deceased [point of error three]. *Id.* at 864; (2) excluding opinion testimony of the deceased's bad reputation [point of error four]. *Id.;* and, (3) instructing the jury that voluntary intoxication is not a defense to the commission of a crime [point of error six]. *Id.* at 867.

We granted the State's petition for discretionary review which challenges the Court of Appeals' resolution of appellant's third and sixth points of error.[1] In response, appellant contends our opinion would be advisory because the State does *not* challenge the disposition of appellant's fourth point of error.[2]

## II.

An advisory opinion is one which "adjudicates nothing and is binding on no one."

*Douglas Oil Co. v. State*, 81 S.W.2d 1064, 1077 (Tex.Civ.App.—Austin 1935). In *Morrow v. Corbin*, 122 Tex. 553, 558, 62 S.W.2d 641, 644 (1933), the Supreme Court discussed the jurisdiction of appellate courts to issue advisory opinions and held:

> ... Ordinarily, we believe the rendition of advisory opinions is to be regarded as the exercise of *executive* rather than *judicial* power ... the Attorney General, a member of the Executive Department, is the *only* state officer expressly authorized to render such opinions. State Constitution, article 4, §§ 1, 22.

*Morrow*, 62 S.W.2d at 644–645 (emphasis in original).

We have consistently refrained from issuing advisory opinions. In *Garrett v. State*, 749 S.W.2d 784 (Tex.Cr.App.1986) (opinion on rehearing), we held:

> The Texas Constitution vests judicial power over criminal cases in the Court of Criminal Appeals and the courts of appeals. Tex. Const. art. V, §§ 1 & 5. "'Judicial power' is the power of a court to decide and pronounce a judgment and carry it into effect between persons and parties who bring a case before it for a decision." *Morrow v. Corbin*, 122 Tex. 553, 558, 62 S.W.2d 641, 644 (1933). *Judicial power does not include the power to issue advisory opinions. Id.* at 562, 62 S.W.2d at 646; see also *Firemen's Ins. Co. of Newark, N.J. v. Burch*, 442 S.W.2d 331, 333 (Tex.1968); *United Services Life Insurance Company v. Delaney*, 396 S.W.2d 855, 861 (Tex.1965). [footnote omitted] *An advisory opinion results when a court attempts to decide an issue that does not*

1. The State's ground for review one states:
   In holding that it was error to instruct the jury at the guilt stage of trial that voluntary intoxication is not a defense, the opinion below squarely conflicts with a long line of cases from this Court holding to the contrary.
   The State's ground for review two states:
   In holding that it was error to exclude evidence of specific instances of violent conduct of the deceased, the opinion below applied prior Texas law rather than the clear import of the Federal rule of Evidence from which the State rule was taken, in violation of a significant line of cases from this Court.

2. Specifically, appellant contends:

   > ... The state does not complain or take issue with the Court of Appeals' separate and distinct holding that evidence concerning the deceased's character for aggression and violence in the form of opinion testimony was clearly admissible under Tex.R.App.P. 405(a). The Court of Appeals' holding that the trial court reversibly erred by excluding the proffered opinion testimony concerning [the deceased's] reputation for violence goes unchallenged to this very day.

   Appellant's brief pg. 17.

*arise from an actual controversy capable of final adjudication....*[3]

*Id.* 749 S.W.2d at 803. *See also, Ex parte Ruiz,* 750 S.W.2d 217, 218 (Tex.Cr.App.1988) ("It is well-established that this Court is without constitutional or statutory authority to ... render advisory opinions...."); *Armstrong v. State,* 805 S.W.2d 791, 794 (Tex.Cr. App.1991) ("This Court and the Court of Appeals are without authority to render advisory opinions.").

In the instant case, even if we sustained both of the State's grounds for review, the judgment of the trial court would nevertheless be reversed because our opinion would not affect the Court of Appeals' disposition of appellant's fourth point of error. Consequently, our opinion would be advisory. A party seeking our review of a decision from the court of appeals pursuant to Tex. R.App.P. 200(a) and 202(a) should raise sufficient grounds to insure that an opinion from this Court will not be advisory.

With these comments, I join the majority opinion.

---

3. Unless otherwise indicated, all emphasis is supplied.