In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-00407-CR
____________

JEFF REYNOLDS, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 23rd District Court 
Brazoria County, Texas
Trial Court Cause No. 36,990



O P I N I O N
          A jury found appellant guilty of murder and assessed punishment at 40 years
confinement. We affirm.
Background
          The victim worked as a carpenter on one of appellant’s properties. When the
project was complete, the victim paid appellant to live in appellant’s home while he
tried to find work in the area. The night before the shooting, appellant and the victim
argued in a bar. They continued to argue later at appellant’s home. The victim poked
appellant in the chest. Appellant grabbed the victim’s hand, and the victim twisted
appellant’s hand. Appellant told the victim to move out of the house if he was not
going to pay rent. The victim left. 
          Later, appellant approached a different tenant who lived in his house and had
been storing appellant’s guns. Appellant said that he needed a gun to protect himself
from the victim because appellant was scared. When appellant returned to the main
house, the victim said, “You think you want to get it on now?” Appellant claims that
he was scared of the victim. While both men were sitting at a table, appellant arose,
and the victim pushed him down. They struggled, and appellant thought the victim
reached behind his back. Appellant pulled out his gun and shot the victim twice. 
Appellant returned the gun to the other tenant, went back to his house, and fell asleep.
          Appellant claims that he shot the victim in self defense. To contradict the
theory of self defense, the State offered two possible theories for appellant’s motive:
love and money. First, appellant was jealous that the victim had tried to date
appellant’s girlfriend. Second, the victim owed appellant rent money. 
          The jury found appellant guilty of murder. In two points of error, appellant
contends that the trial court erred in: (1) excluding evidence of the victim’s prior
robbery conviction and (2) admitting evidence of appellant’s prior unadjudicated
assault.
Standard of Review
          A trial court’s decision to admit or exclude evidence is reviewed under an
abuse of discretion standard. Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App.
2002). An appellate court will not reverse a trial court’s ruling unless that ruling falls
outside the zone of reasonable disagreement. Id.
Victim’s Prior Robbery Conviction
          In the first point of error, appellant contends that the trial court erred in
excluding evidence of the victim’s prior robbery conviction. 
          Appellant claimed self defense, arguing that the victim’s prior robbery showed
the victim’s violent and aggressive behavior. He sought to introduce two of the
victim’s prior offenses. First, the victim had been convicted of robbery on April 20,
1979. Second, the victim had been convicted in 1983 for possession of a prohibited
weapon. The victim had possessed a shotgun, which was prohibited because he was
on parole at that time. 
          The murder offense in this case occurred on June 5, 1999, almost 21 years after
the 1979 robbery conviction. The State objected to the admission of the victim’s two
prior offenses under Rule 403 based on the remoteness in time and the lack of
relevancy. TEX. R. EVID. 403. The trial court admitted the 1983 offense and excluded
the 1979 offense, holding as follows:
As regards the nature of the offenses, the probative versus
prejudicial effect before the jury, I will find that there is a substantial
likelihood that the robbery extraneous offense would be more prejudicial
than probative as to any of the issues before this Court and will exclude
the robbery case on that ground, in that there is—I am making a finding
that it is, the prejudicial effect is substantially outweighed or outweighs
the probative value. Though it may be probative, it is substantially
prejudicial.
          Appellant contends that the trial court erred in finding that the probative value
of the evidence of the robbery conviction substantially outweighed the prejudicial
effect. A defendant in a homicide prosecution who raises the issue of self defense
may introduce evidence of the deceased’s violent character. Tex. R. Evid. 404(a)(2);
Tate v. State, 981 S.W.2d 189, 192-93 (Tex. Crim. App. 1998). The victim’s
aggressive nature is admissible when offered by the accused under Rule 404(a)(2) to
provide evidence of a pertinent character trait of a victim. Tex. R. Evid. 404(a)(2). 
The defendant may offer opinion or reputation testimony to prove that the deceased
acted in conformity with his violent nature. Tex. R. Evid. 404(a)(2), 405(a); Tate,
981 S.W.2d at 192. Specific, violent acts of misconduct may be admitted to show the
reasonableness of the defendant’s fear of danger, or to show that the deceased was the
first aggressor. Torres, 71 S.W.3d at 760. Specific acts are admissible only to the
extent that they are relevant for a purpose other than character conformity. Tex. R.
Evid. 404(b); Mozon v. State, 991 S.W.2d 841, 845-46 (Tex. Crim. App. 1999). 
          Evidence offered under Rule 404(a)(2) is subject to the balancing test set forth
in Rule 403 to determine its prejudicial value. Mozon, 991 S.W.2d at 847. Rule 403
states:
Although relevant, evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice, confusion of
the issues, or misleading the jury, or by considerations of undue delay,
or needless presentation of cumulative evidence.

TEX. R. EVID. 403. In determining the admissibility of extraneous offenses of the
victim, courts apply the same test regarding extraneous offenses of the defendant,
which includes the following factors:
(1) how compellingly the objected-to evidence makes a fact of
consequence more or less probable;
 
(2) the evidence’s potential to impress the jury in some irrational, but
nevertheless indelible way;
 
(3) the time needed to develop the evidence, during which the jury will
be distracted from consideration of the indicted offense; and
 
(4) the force of the proponent’s need for this evidence to prove a fact of
consequence, i.e., does the proponent have other probative evidence to
help establish this fact, and is this fact related to an issue in dispute.
See Montgomery v. State, 810 S.W.2d 372, 389-90 (Tex. Crim. App. 1990) (op. on
reh’g). 
          The State argues that the prior offense did not involve a weapon, there was no
evidence that any physical assault occurred during the robbery, and no evidence that
appellant knew about the victim’s past. The State also argues that the victim’s 1979
robbery conviction, which occurred 21 years prior to the murder, was remote in time;
therefore, it was not relevant to show that the victim was the first aggressor. For
support, the State relied on cases that analyzed the remoteness of an extraneous
offense committed by the defendant.


 The issue here, however, is an extraneous
offense committed by the victim, not by the defendant. 
          Appellant relied on Gonzales v. State, which held that the exclusion of
evidence of the victim’s aggressive character was reversible error. 838 S.W.2d 848,
859-60 (Tex. App.—Houston [1st Dist.] 1992), pet. dism’d, improvidently granted,
864 S.W.2d 522 (Tex. Crim. App. 1993). In Gonzales, the trial court excluded
evidence of the victim’s prior acts, which had occurred 18 or more years before the
offense, because they were remote in time. 838 S.W.2d at 856-58. This Court held
that the evidence was not excludable due to remoteness. Id. at 861. 
          In Gonzalez, this Court held that a “victim’s aggressive character is an essential
element of the defense of self defense” and that “specific acts of misconduct are
admissible in cases in which character or trait of character of a person is an essential
element of a charge, claim, or defense.” Id. at 859 (citing former Tex. R. Crim. Evid.
405(b)). However, the court of criminal appeals criticized that language in Gonzales,
holding that a “victim’s character is not an essential element of a claim of
self-defense.” Tate v. State, 981 S.W.2d 189, 194 n.5 (Tex. Crim. App. 1998)
(emphasis added). 
          The 1979 conviction occurred 21 years before the murder offense in this case
and was remote in time. The trial court admitted the more recent 1983 conviction
relating to the victim’s felony possession of a prohibited shotgun while on parole. 
The jury was aware of this later conviction and found appellant guilty. Given the
remoteness of the 1979 conviction, we hold that the trial court did not err in
excluding this evidence.
          We overrule the first point of error.
Appellant’s Unadjudicated Assault
          In the second point of error, appellant contends that the trial court erred in
admitting evidence of appellant’s unadjudicated assault on a third party two weeks
prior to the murder.
          Stacy Thompson (“the roommate”) lived with appellant’s girlfriend, Mindy
Glispin (“the girlfriend”). The roommate testified that appellant assaulted her about
two weeks before the offense. She had told appellant about the victim’s plan to
install a stove in the house that she shared with the girlfriend. Appellant became
angry, grabbed the roommate by her neck, pushed her against the wall, and threatened
to kill the victim if he came around the house. The trial court held:
With regard to the testimony, I will find that the testimony is
relevant to the matters before this jury, that it is more probative than
prejudicial, and that it may tend to rebut a defensive theory, and it may
tend to present evidence to this jury as to motive and opportunity with
regard to the offense that is charged.
 
One of the issues that is, at this point, based upon the testimony
that’s been elicited at this point, it’s a hotly contested issue is the issue
of intent or self-defense; and I’m going to permit it with regard to that
matter.
 
I’ll give the jury an instruction. I certainly will give you a running
objection with regard to all the testimony that will be elicited through
Ms. Thompson; and I’ll give the jury an instruction, as well.
          A defendant is entitled to be tried on the accusation made in the State’s
pleadings and not on some collateral crime, or for being a criminal generally. 
Cantrell v. State, 731 S.W.2d 84, 88 (Tex. Crim. App. 1987). Such evidence is
inherently prejudicial and the defendant’s alleged propensity to commit crimes is not
material to whether he is guilty of the charged offense. Elkins v. State, 647 S.W.2d
663, 665 (Tex. Crim. App. 1983). Extraneous evidence may be admissible under the
exceptions listed in Rule 404(b), which states:
Other Crimes, Wrongs or Acts. Evidence of other crimes, wrongs or
acts is not admissible to prove the character of a person in order to show
action in conformity therewith. It may, however, be admissible for other
purposes, such as proof of motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or accident, provided that
upon timely request by the accused in a criminal case, reasonable notice
is given in advance of trial of intent to introduce in the State's
case-in-chief such evidence other than that arising in the same
transaction.
Tex. R. Evid. 404(b). These exceptions and others drawn from case law are neither
exclusive nor exhaustive. Pondexter v. State, 942 S.W.2d 577, 583-84 (Tex. Crim.
App. 1996). Extraneous offenses may be admissible to rebut a defensive theory. 
Ransom v. State, 920 S.W.2d 288, 301 (Tex. Crim. App. 1994). For example,
evidence of extraneous acts between a defendant and a third party are admissible in
sexual abuse cases to rebut a defensive theory that the defendant was being framed. 
Moore v. State, 4 S.W.3d 269, 275 (Tex. App.—Houston [14th Dist.] 1999, no pet.). 
          Extraneous offenses may be admissible provided that the probative value is not
substantially outweighed by any prejudicial effect. Tex. R. Evid. 403; Montgomery,
810 S.W.2d at 378. The issue, therefore, is whether the evidence had any relevance
in the trial of this case beyond its value as character evidence. Camp v. State, 925
S.W.2d 26, 32 (Tex. App.—Tyler 1995, pet. ref’d). If not, the evidence pertains to
an extraneous offense and is inadmissible as a matter of law. Id.; see Tex. R. Evid.
404(b). As long as the trial court’s decision to admit evidence is within the “zone of
reasonable disagreement,” there is no abuse of discretion. Montgomery, 810 S.W.2d
at 391-92.
          The State relied on cases which held that the defendant’s extraneous offense
against the victim are admissible.


 The issue here, however, is whether a defendant’s
extraneous offense against a third party is admissible. Appellant contends that the
trial court improperly admitted his unadjudicated assault against a third party, the
roommate. Specifically, he argues that the roommate’s testimony related to his
assault is inadmissible. He does not complain about the admission of his threats to
kill the victim. He concedes that he did not object to those threats at trial. 
          A defendant’s extraneous offense against a third party may be admissible in
some circumstances. See Camp, 925 S.W.2d at 32. Appellant’s assault against the
roommate, coupled with his threat to kill the victim, showed appellant’s jealousy of
the victim’s dating appellant’s girlfriend. The evidence provided the jury with insight
into appellant’s intent and motive for shooting the victim. Appellant’s conduct rebuts
his claims that the victim was the first aggressor and that appellant acted in self
defense. Therefore, the trial court did not abuse its discretion in admitting the
evidence. 
          The trial court properly instructed the jury to consider the evidence for the
limited purpose in determining preparation, motive, opportunity, or the rebuttal of any
defensive theory, and for no other purpose. The jury instruction stated as follows:
You cannot consider testimony of the extraneous acts for any purpose
unless you first find and believe beyond a reasonable doubt that the
defendant committed any such extraneous acts, if any were committed,
and even then, you may only consider the same in determining the
preparation, motive, opportunity, or as the same may relate to the
rebuttal of any defensive theory in connection with the offense alleged,
if any, in connection with the offense, if any, alleged against him in the
indictment in this case, and for no other purpose.
          We overrule the second point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                                  Adele Hedges
                                                                                  Justice
 
Panel consists of Justices Hedges, Jennings, and Evans.


 
Do not publish. Tex. R. App. P. 47.