Opinion issued May 18, 2006










     


                                            
                                          


In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00142-CR




MICHAEL EUGENE McGEE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 962926





CONCURRING AND DISSENTING OPINION
          I dissent in part. The majority “holds” that “in a case like this, where there is
an acquittal on one of the charges and a conviction on another the State cannot
relitigate the acquittal at the punishment phase hearing by introducing testimony that
is relevant only to the charge [of] which the defendant was acquitted.” However, as
the majority correctly concludes, the testimony of the State’s additional witnesses was
not introduced to relitigate the charge of which appellant was acquitted; it was
introduced at the punishment phase of appellant’s trial as evidence of an extraneous
bad act to help the jury to determine the proper punishment for the crime of which
appellant was convicted. Therefore, the foregoing “holding” is advisory. See Garrett
v. State, 749 S.W.2d 784, 803 (Tex. Crim. App. 1988) (opinion on denial of
rehearing) (stating, “An advisory opinion results when a court attempts to decide an
issue that does not arise from an actual controversy capable of final adjudication,”
and, instead, “anticipate[s] a controversy and assume[s] hypothetical facts”). This
Court has no constitutional or statutory power to render an advisory opinion. See
Tex. Const. art. V, § 6; Gonzales v. State, 864 S.W.2d 522, 523 (Tex. Crim. App.
1993); Garrett, 749 S.W.2d at 803–04; Morrow v. Corbin, 62 S.W.2d 641, 647 (Tex.
1933). I dissent from the majority’s characterization of its agreement with prior case
law regarding a matter not properly before it for final adjudication as a “holding.” 
 
 
          I concur in the majority’s holding that the evidence of appellant’s extraneous
bad act was properly admitted. 
 
 


                                                                        Evelyn V. Keyes
                                                                        Justice

Panel consists of Nuchia, Keyes, and Hanks, 

Justice Keyes, dissenting.