Opinion filed May 7, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed May 7, 2009

 

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00175-CR

                                                    __________

 

                                   ROBERT GEORGE DIX, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 39th District Court

 

                                                         Haskell
County, Texas

 

                                                     Trial
Court Cause No. 6155

 



 

                                                                   O
P I N I O N

The
jury convicted Robert George Dix of the third degree felony offense of escape. 
See Tex. Penal Code Ann. ' 38.06 (Vernon Supp.
2008).  The trial court assessed punishment at ten years confinement and
ordered that the sentence run consecutively to the sentence appellant was
serving when he committed the escape.  We modify and affirm.[1]








 

                                                                    Background

Appellant
was convicted of the offense of second degree murder in Wyoming.  He received
an indeterminate sentence of forty-five years to life confinement.  The State
of Wyoming sent appellant to Texas to serve his sentence.  In April 2006,
appellant was serving his sentence at the Rolling Plains Regional Jail and
Detention Center in Haskell County, Texas.  On April 15, 2006, appellant
escaped from the facility.  He was later apprehended and charged with the
offense in this cause.

Appellant
admitted during his trial testimony and also admits in his appellate brief that
he committed the escape.  In this appeal, appellant does not challenge his
conviction for the escape.  In his brief, appellant asserts that the Wyoming
Board of Parole enforces a rule that A[i]nmates
who commit an escape, attempted escape, or assist in an escape . . . are
ineligible for parole on the sentence being served when that offense was
committed.@[2] 
Appellant contends that, but for his conviction on the escape charge, he would
have been eligible for parole on his Wyoming sentence in 2048 after serving
forty-five years of the sentence.  However, based on the above parole rule,
appellant contends that he will be ineligible for parole on his Wyoming
sentence because of his conviction in this cause.

                                                                 Issues
on Appeal

Appellant
states in his brief that A[t]his
appeal involves questions concerning whether parole procedure rule in the State
of Wyoming should be recognized and enforced by the State of Texas.@  Appellant presents two
points of error for review.  In his points, appellant requests this court to
declare that the application of Wyoming=s
parole rule to his sentence would violate his right to due course of law under
Article I, section 19 of the Texas Constitution and his right to be free from Aunusual@ punishment under Article
I, section 13 of the Texas Constitution.  See Tex. Const. art. I, ''
13, 19.  Appellant also requests this court to hold Athat application of Wyoming=s Parole Rule in question
to an inmate held in Texas would violate the Texas [C]onstitution.@

 








                                                                        Analysis

The
Texas Constitution vests judicial power over criminal cases in the Court of
Criminal Appeals and in the courts of appeals.  Tex. Const. art. V, ''
1, 5; see Gonzales v. State, 864 S.W.2d 522, 524 (Tex. Crim. App.
1993) (Baird, J., concurring); Garrett v. State, 749 S.W.2d 784, 803
(Tex. Crim. App. 1988), overruled on other grounds by Malik v. State,
953 S.W.2d 234, 238-39 (Tex. Crim. App. 1997).  AJudicial
power@ is the power of
a court to decide and pronounce a judgment and carry it into effect between
persons and parties who bring a case before it for a decision.  Morrow v.
Corbin, 62 S.W.2d 641, 644 (Tex. 1933).  Texas courts are without
constitutional or statutory authority to render advisory opinions; therefore,
judicial power does not include the power to issue such opinions.  Id.
at 646-47; Gonzales, 864 S.W.2d at 524; Armstrong v. State, 805
S.W.2d 791, 794 (Tex. Crim. App. 1991); State v. Mercier, 164 S.W.3d
799, 811-12 (Tex. App.CCorpus
Christi 2005, pet. ref=d).                      

The
Texas Rules of Appellate Procedure require courts of appeals to address Aevery issue raised and
necessary to final disposition of the appeal.@ 
Tex. R. App. P. 47.1.  Deciding
an issue that is unnecessary to the disposition of a case is advisory in
nature.  Gonzales, 864 S.W.2d at 524; Hargrove v. State, 774
S.W.2d 771, 772 (Tex. App.CCorpus
Christi 1989, pet. ref=d). 
An advisory opinion results when a court attempts to decide an issue that does
not arise from an actual controversy capable of final adjudication.  Garrett,
749 S.W.2d at 803; cf. North Carolina v. Rice, 404 U.S. 244, 246 (1971)
(For a suit to be cognizable in a federal court, A[i]t
must be a real and substantial controversy admitting of specific relief through
a decree of a conclusive character, as distinguished from an opinion advising
what the law would be upon a hypothetical state of facts.@).              This cause
is a direct appeal from appellant=s
conviction for escape.  Appellant neither contends that the trial court
committed any error nor challenges his conviction.  Appellant has not raised
any issue the resolution of which is necessary for the final disposition of
this appeal.  Instead, appellant requests us to address whether applying the
Wyoming parole rule to him would violate his Texas constitutional rights. 
Appellant=s original
sentence resulted from his conviction in Wyoming.  We do not have jurisdiction
to entertain a challenge to the enforceability of the Wyoming parole rule.  In
essence, appellant seeks an advisory opinion on the issue.  Because we lack
authority to issue advisory opinions, we decline to address appellant=s points of error.








                                                               This
Court=s Ruling

We
modify the trial court=s
judgment to reflect that it is from AHaskell@ County and, as modified,
affirmed.

 

 

TERRY McCALL

JUSTICE

 

May 7, 2009

Publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]We modify the trial court=s
judgment to show that it was AIn The 39th District Court Haskell County, Texas,@ rather than in the A39th County.@





[2]See http://bop.state.wy.us/faq/faq.htm#Parole%20Eligibility
at Question No. 2.