**Opinion filed May 7, 2009**



In The

# Eleventh Court of Appeals

_____

### No. 11-07-00175-CR

_____

## ROBERT GEORGE DIX, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**

**Haskell County, Texas**

**Trial Court Cause No. 6155**

### O P I N I O N

The jury convicted Robert George Dix of the third degree felony offense of escape. *See* TEX. PENAL CODE ANN. § 38.06 (Vernon Supp. 2008). The trial court assessed punishment at ten years confinement and ordered that the sentence run consecutively to the sentence appellant was serving when he committed the escape. We modify and affirm.[1]

---

[1]We modify the trial court's judgment to show that it was "IN THE 39TH DISTRICT COURT HASKELL COUNTY, TEXAS," rather than in the "39TH COUNTY."

*Background*

Appellant was convicted of the offense of second degree murder in Wyoming. He received an indeterminate sentence of forty-five years to life confinement. The State of Wyoming sent appellant to Texas to serve his sentence. In April 2006, appellant was serving his sentence at the Rolling Plains Regional Jail and Detention Center in Haskell County, Texas. On April 15, 2006, appellant escaped from the facility. He was later apprehended and charged with the offense in this cause.

Appellant admitted during his trial testimony and also admits in his appellate brief that he committed the escape. In this appeal, appellant does not challenge his conviction for the escape. In his brief, appellant asserts that the Wyoming Board of Parole enforces a rule that "[i]nmates who commit an escape, attempted escape, or assist in an escape . . . are ineligible for parole on the sentence being served when that offense was committed."[2] Appellant contends that, but for his conviction on the escape charge, he would have been eligible for parole on his Wyoming sentence in 2048 after serving forty-five years of the sentence. However, based on the above parole rule, appellant contends that he will be ineligible for parole on his Wyoming sentence because of his conviction in this cause.

*Issues on Appeal*

Appellant states in his brief that "[t]his appeal involves questions concerning whether parole procedure rule in the State of Wyoming should be recognized and enforced by the State of Texas." Appellant presents two points of error for review. In his points, appellant requests this court to declare that the application of Wyoming's parole rule to his sentence would violate his right to due course of law under Article I, section 19 of the Texas Constitution and his right to be free from "unusual" punishment under Article I, section 13 of the Texas Constitution. *See* TEX. CONST. art. I, §§ 13, 19. Appellant also requests this court to hold "that application of Wyoming's Parole Rule in question to an inmate held in Texas would violate the Texas [C]onstitution."

---

[2] *See* http://bop.state.wy.us/faq/faq.htm#Parole%20Eligibility at Question No. 2.

*Analysis*

The Texas Constitution vests judicial power over criminal cases in the Court of Criminal Appeals and in the courts of appeals. TEX. CONST. art. V, §§ 1, 5; *see Gonzales v. State*, 864 S.W.2d 522, 524 (Tex. Crim. App. 1993) (Baird, J., concurring); *Garrett v. State*, 749 S.W.2d 784, 803 (Tex. Crim. App. 1988), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234, 238-39 (Tex. Crim. App. 1997). "Judicial power" is the power of a court to decide and pronounce a judgment and carry it into effect between persons and parties who bring a case before it for a decision. *Morrow v. Corbin*, 62 S.W.2d 641, 644 (Tex. 1933). Texas courts are without constitutional or statutory authority to render advisory opinions; therefore, judicial power does not include the power to issue such opinions. *Id.* at 646-47; *Gonzales*, 864 S.W.2d at 524; *Armstrong v. State*, 805 S.W.2d 791, 794 (Tex. Crim. App. 1991); *State v. Mercier*, 164 S.W.3d 799, 811-12 (Tex. App.—Corpus Christi 2005, pet. ref'd).

The Texas Rules of Appellate Procedure require courts of appeals to address "every issue raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1. Deciding an issue that is unnecessary to the disposition of a case is advisory in nature. *Gonzales*, 864 S.W.2d at 524; *Hargrove v. State*, 774 S.W.2d 771, 772 (Tex. App.—Corpus Christi 1989, pet. ref'd). An advisory opinion results when a court attempts to decide an issue that does not arise from an actual controversy capable of final adjudication. *Garrett*, 749 S.W.2d at 803; *cf. North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (For a suit to be cognizable in a federal court, "[i]t must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.").

This cause is a direct appeal from appellant's conviction for escape. Appellant neither contends that the trial court committed any error nor challenges his conviction. Appellant has not raised any issue the resolution of which is necessary for the final disposition of this appeal. Instead, appellant requests us to address whether applying the Wyoming parole rule to him would violate his Texas constitutional rights. Appellant's original sentence resulted from his conviction in Wyoming. We do not have jurisdiction to entertain a challenge to the enforceability of the Wyoming parole rule. In essence, appellant seeks an advisory opinion on the issue. Because we lack authority to issue advisory opinions, we decline to address appellant's points of error.

*This Court's Ruling*

We modify the trial court's judgment to reflect that it is from "Haskell" County and, as modified, affirmed.

TERRY McCALL

JUSTICE

May 7, 2009

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4