# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH
## NO. 02-15-00180-CR



EX PARTE BILLY JOE
ARMSTRONG JR.

----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
TRIAL COURT NO. CR13001

----------

## MEMORANDUM OPINION[1]

----------

Appellant Billy Joe Armstrong Jr. appeals the denial of his application for writ of habeas corpus in which he sought a bond reduction. In a single point, Appellant complains that the trial court erroneously raised the amount of his bail from $5,000 to $15,000 solely because he requested the assistance of counsel. While this appeal was pending, Appellant posted the $15,000 bond, and the

---

[1]See Tex. R. App. P. 47.4.

State filed a motion to dismiss the appeal as moot. We grant the State's motion and dismiss the appeal as moot.

## Background

Appellant was arrested for the misdemeanor offense of theft of property with a value of at least $500 but less than $1,500 alleged to have occurred on or about December 17, 2014. Tex. Penal Code Ann. § 31.03(e)(3) (West Supp. 2014). On December 19, 2014, Appellant bonded out on a $5,000 bond. A condition of the bond was that Appellant had to hire an attorney.[2] Two months later, on February 4, 2015, the State indicted Appellant for the misdemeanor theft offense; however, the indictment included enhancement paragraphs that, if true, raised the punishment range to that of a second degree felony.

At the March 3, 2015 docket call, Appellant informed the trial court that he did not yet have an attorney. The trial court informed Appellant that his bond required him to hire an attorney and that Appellant had violated his bond. Appellant stated he wanted a court-appointed attorney or a public defender. On the other hand, Appellant assured the trial court that he had a job. The trial court instructed Appellant to return on March 24, 2015, with an attorney or face going to jail.

---

[2]Appellant's $5,000 bond is not part of our record. The trial court consistently asserted that hiring an attorney was a condition of Appellant's bond. Appellant has not asserted the contrary.

At the March 24, 2015 docket call, Appellant again informed the trial court that he did not have an attorney but hoped, with the help of his tax refund, to be able to retain one within two weeks. The trial court again informed Appellant that his bond required him to hire an attorney and that Appellant had violated his bond. The trial court reset the matter for April 21, 2015, and informed Appellant that if he had not hired a lawyer by then, the trial court would put him in jail. The trial court informed Appellant that if it placed him in jail, it would find him indigent and appoint him a lawyer.

At the April 21, 2015 docket call, Appellant again informed the trial court that he did not have a lawyer and explained that he was still waiting on his tax return. Appellant informed the trial court that he was employed, but he said his income went for rent, food, and taking care of his children. Appellant thought it would be another month before he got his tax refund at which point the trial court gave him an indigence application. After Appellant filled out the indigence application, the trial court found Appellant indigent and appointed him an attorney. After appointing the attorney, the trial court found Appellant's bond insufficient, reset it at $15,000, and ordered Appellant taken into custody.

On May 12, 2015, Appellant filed an "Application for Writ of Habeas Corpus Seeking Bond Reduction." Appellant complained that his confinement and restraint were illegal because the bond was excessive, oppressive, and beyond his financial means. Appellant further complained that when, at the April 21, 2015 docket call, the trial court found him indigent, the trial court also found

3

his bond insufficient and raised it from $5,000 to $15,000.  Appellant relied on section 4 of article 17.09 of the code of criminal procedure, which provides, in pertinent part:

> Notwithstanding any other provision of this article, the judge or magistrate in whose court a criminal action is pending may not order the accused to be rearrested or require the accused to give another bond in a higher amount because the accused:
>
> . . . .
>
> (2) requests the assistance of counsel, appointed or retained.

Tex. Code Crim. Proc. Ann. art. 17.09, § 4(2) (West 2015).

At the May 26, 2015 hearing on Appellant's "Application for Writ of Habeas Corpus Seeking Bond Reduction," Appellant testified that he had to rely on a third party to make the initial $5,000 bond.  Appellant acknowledged that at the April 21, 2015 docket call, the trial court had asked him if he had retained an attorney, and he had informed the trial court that he had not because he could not afford one.  Appellant further acknowledged that the trial court had appointed him an attorney on that day.  Appellant said his failure to hire an attorney had come up on two prior occasions and that, on those occasions, the trial court had warned him that if he returned without an attorney, it would put him back in jail.  Appellant noted that his bond had been $5,000 until April 21, 2015, when the trial court increased it to $15,000 and appointed him an attorney.  Appellant testified that the trial court found his bond insufficient, that he was taken into custody, and that he had been in custody since April 21, 2015.  Appellant explained that he

4

asked his attorney to file an application to have the bond reduced because he was not able to make the larger amount. Appellant said the money spent to procure the $5,000 bond was gone and that there was no other money available to make either a $5,000 or a $15,000 bond. Appellant wanted the trial court to release him on his personal recognizance or to set a *de minimis* bond of $1,000. Appellant emphasized that he showed up for all his scheduled hearings while on the $5,000 bond.

On cross-examination, Appellant acknowledged he was initially arrested for a misdemeanor that was enhanced to a state jail felony. Appellant agreed that on February 4, 2015, he was indicted and that the state jail felony was further enhanced to a second degree felony. Appellant admitted having been to prison twice previously in Nebraska for robbery and for stealing a car under the alias of Bradley Nelson.

The trial court denied Appellant's application requesting a bond reduction.

### Developments While the Appeal was Pending

Appellant filed this appeal, and in his July 2, 2015 brief, he asserted the trial court abused its discretion because it raised his bail solely because he requested the assistance of counsel. Appellant relies on section 4(2) of article 17.09 of the Texas Code of Criminal Procedure, quoted earlier, and, additionally, on article 26.04(r), which provides, "A court may not threaten to arrest or incarcerate a person solely because the person requests the assistance of

5

counsel." Tex. Code Crim. Proc. Ann. art. 17.09, § 4(2), art. 26.04(r) (West Supp. 2014).

Subsequently, on July 14, 2015, Appellant procured a $15,000 bond.[3] On July 16, 2015, the State filed a motion to dismiss the appeal as moot because Appellant had posted the $15,000 bond and had been released from custody. Appellant filed a response on July 16, 2015, in which he opposed the State's motion. Appellant argued that his bond was tripled without cause or justification and that, in addition to having lost the value of his first bond, he had to go to the expense of paying for the second bond. Appellant asserts that the trial court violated the Texas Code of Criminal Procedure and that such violations were the norm for this particular district court. By order dated July 23, 2015, this court carried the State's motion to dismiss to submission.

## Appearance Bonds Generally

The primary purpose of an appearance bond is to ensure the presence of the defendant at trial on the offense charged. *Ex parte Brown*, 959 S.W.2d 369, 371 (Tex. App.—Fort Worth 1998, no pet.). Bail should be set high enough to give reasonable assurance that the accused will appear at trial but not so high as to operate as an instrument of oppression. *Id.* The person seeking the reduction bears the burden of showing that the bail set is excessive. *Id.* The decision

---

[3]We note that condition 3 of the bond requires Appellant to employ a licensed attorney to represent him within ten days of his release from confinement.

regarding a proper bail amount lies within the sound discretion of the trial court. *Id.* at 372.

## The State's Motion to Dismiss Appellant's Appeal as Moot

For the reasons set out below, we grant the State's motion to dismiss Appellant's appeal as moot. Habeas corpus proceedings are extraordinary remedies premised on equity; they are not premised on error correction, as are direct appeals. *Ex parte Parrott*, 396 S.W.3d 531, 534 n.6 (Tex. Crim. App. 2013). As an extraordinary remedy, habeas corpus relief should be reserved for those cases in which no other remedy is available. *Blanton v. State*, 369 S.W.3d 894, 903 (Tex. Crim. App. 2012). Appellant's application was premised upon two bases: First, the $15,000 amount was excessive; second, the trial court erroneously raised the amount from $5,000 to $15,000. Subsequent events showed Appellant was mistaken about his inability to make the higher bond. Appellant successfully procured a $15,000 bond. In doing so, Appellant availed himself of another remedy—he paid the $15,000 bond notwithstanding any error and obtained his release from jail.

Appellant now seeks error correction. We are not, however, in a position to enable Appellant to recoup the money he spent on the $15,000 bond any more than we are in a position to enable Appellant to recoup the money he spent on the $5,000 bond. Similarly, we are not in a position to order Appellant released from jail because he is no longer so confined. By bonding out, Appellant destroyed the premise of his habeas corpus application and rendered it moot.

*See Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.). Correcting the error, if any, in raising the bond to $15,000 would, at this point, be advisory. Texas courts do not have the authority to issue advisory opinions. *Dix v. State*, 289 S.W.3d 333, 335 (Tex. App.—Eastland 2009, pet. ref'd).

We have found authority for the proposition that a person who is subject to the conditions of a bond is restrained in his liberty for purposes of habeas corpus. *See Ex parte Robinson*, 641 S.W.2d 552, 553 (Tex. Crim. App. [Panel Op.] 1982). However, Appellant is not complaining about the conditions of his $15,000 bond. In his brief, Appellant asks that he be released from jail on a personal bond or a zero-dollar bond. Appellant is not arguing he should be released free of any bond whatsoever; that is, he is not complaining about the restraints on his liberty that a bond would otherwise impose on him assuming he were able to post a bond. Accordingly, there are no issues for the court to resolve.

For the reasons set out above, we grant the State's motion and dismiss Appellant's appeal as moot.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  GARDNER, WALKER, and MEIER, JJ.

WALKER, J. concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 26, 2015