

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00100-CR

_____

LACEY NOELLE TANNEHILL, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR14480

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

We dismiss Appellant Lacey Noelle Tannehill's appeal as moot. After Tannehill had appealed and filed her brief, the trial court signed a judgment nunc pro tunc correcting the clerical error about which she complained.

## I. BACKGROUND

Tannehill pled guilty without the benefit of a plea bargain to theft under $2,500 with two prior convictions, and the trial court placed her on deferred adjudication community supervision. *See* Tex. Penal Code Ann. § 31.03(e)(4)(D). About four months later, the State filed a motion to proceed with an adjudication of guilt and alleged that Tannehill had violated the conditions of her probation in eighteen paragraphs identified as (A) through (R). At the hearing on the State's motion, Tannehill pled true to paragraphs (F) through (R), and consistent with Tannehill's pleas, the trial court found paragraphs (F) through (R) true, adjudicated her guilty, and sentenced her to imprisonment for two years in a state jail facility. The trial court's judgment, however, shows that Tannehill pled true and that the trial court found paragraphs (A) through (R) true. Tannehill appealed.

## II. TANNEHILL'S AND THE STATE'S CONTENTIONS

In her brief, Tannehill contends in one issue that the judgment does not comport with the trial court's oral pronouncement, that the oral pronouncement controls, and that the judgment should be reformed to reflect that the trial court

found only paragraphs (F) through (R) true. *See Coffey v. State*, 979 S.W.2d 326, 328–29 (Tex. Crim. App. 1998).

In response, the State concedes that Tannehill is entitled to a judgment that corresponds to the trial court's oral pronouncement. But the State argues that Tannehill's complaint has become moot because the trial court signed a judgment nunc pro tunc correcting this clerical error so that the judgment now properly reflects its oral pronouncement. *See Blanton v. State*, 369 S.W.3d 894, 897–98 (Tex. Crim. App. 2012); *Henkel v. State*, No. 13-03-00112-CR, 2005 WL 5926929, at *8 (Tex. App.—Corpus Christi–Edinburg Apr. 14, 2005, no pet.) (mem. op., not designated for publication). A supplemental clerk's record shows that a day after Tannehill filed her brief, the trial court signed a judgment nunc pro tunc correcting the error about which she complained and effecting the relief that she sought on appeal.

## III. DISCUSSION AND RULING

An appeal becomes moot when an appellate court's judgment can no longer have an effect on an existing controversy or cannot affect the parties' rights. *Jack v. State*, 149 S.W.3d 119, 123 n.10 (Tex. Crim. App. 2004); *Hung Dasian Truong v. State*, 580 S.W.3d 203, 207 (Tex. App.—Houston [1st Dist.] 2019, no pet.). Appellate courts normally cannot act on moot cases. *Pharris v. State*, 165 S.W.3d 681, 687–88 (Tex. Crim. App. 2005) (noting an exception—"when a claim is 'capable of repetition, yet evading review'"); *Hung Dasian Truong*, 580 S.W.3d at 207. Nor may they entertain hypothetical claims or render advisory opinions. *Carter v. State*, No. 06-19-00172-CR,

3

2020 WL 5223327, at *5 (Tex. App.—Texarkana Sept. 2, 2020, pet. ref'd) (mem. op., not designated for publication); *Dix v. State*, 289 S.W.3d 333, 335 (Tex. App.—Eastland 2009, pet. ref'd). The mootness doctrine limits courts to deciding cases with actual controversies between parties. *Hung Dasian Truong*, 580 S.W.3d at 207; *Ex parte Flores*, 130 S.W.3d 100, 104–05 (Tex. App.—El Paso 2003, pet. ref'd). "When there has ceased to be a controversy between the litigating parties which is due to events occurring after judgment has been rendered by the trial court, the decision of an appellate court would be a mere academic exercise and the court may not decide the appeal." *Flores*, 130 S.W.3d at 105; *see Nicolas v. State*, Nos. 04-13-00834-CR, 04-13-00835-CR, 2014 WL 1089791, at *1 (Tex. App.—San Antonio Mar. 19, 2014, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing appeals because trial court granted appellant the relief he sought); *Lamb v. State*, No. 05-09-00836-CR, 2010 WL 2560548, at *1 (Tex. App.—Dallas June 28, 2010, no pet.) (mem. op., not designated for publication) (dismissing appeal because judgment nunc pro tunc mooted issue); *cf. Guajardo v. State*, Nos. 04-17-00421-CR, 04-17-00422-CR, 2018 WL 3129452, at *2 (Tex. App.—San Antonio June 27, 2018, no pet.) (mem. op., not designated for publication) (overruling first point on merits and dismissing second point because judgments nunc pro tunc mooted it; affirming judgments nunc pro tunc).

Because the trial court's judgment nunc pro tunc corrected the error about which Tannehill's brief complained, we dismiss her appeal as moot. *See Hung Dasian Truong*, 580 S.W.3d at 211.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 3, 2021